IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES,
WILLIAM WARE, MICHAEL WARD,
LAMAR COLE, PATRICK SPEARMAN,
KIP RUCKER, WILL GREEN, JEROME KIDD,
CHARLES ROGERS, BRANDON BARRETT,
ERIC BRANDON, and ISUOMA SHINE                                          PLAINTIFFS

v.                                          4:06CV00944-WRW

FORREST CITY GROCERY INC.;
DAVID COHN and ALAN COHN,
individually and as agents of FORREST CITY
GROCERY INC.                                                                  DEFENDANTS

**ORDER**

Pending is Plaintiffs' Motion to Compel[1] to which Defendants have responded.[2]

**I. Background**

This is a class action filed by former employees of Defendant Forrest City Grocery. Plaintiffs served 26 Requests for Production of Documents on the Defendants. The Defendants' responses were timely; however, they objected to many of the requests. Plaintiffs are asking for relief and sanctions. Defendants contend that they have provided adequate responses, and that their objections are well founded.

---

[1]Doc. No. 23.

[2]Doc. No. 26.

**II. Authority**

Rule 26 of the Federal Rules of Civil Procedure should not be narrowly applied so as "to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case."[3] This is particularly true in Title VII cases where unnecessary discovery limitations should be avoided.[4]

A party cannot object to an interrogatory or request for production, and, at the same time, answer the request for production in the same response.[5] If a party does this, the objection is waived.[6] There is no authority in the Federal Rules of Civil Procedure for reserving objections. Parties have a duty either to answer discovery or object to it.[7]

A party cannot avoid its discovery responsibilities by reciting that the requests are burdensome or overly broad.[8] The burden is on the objecting party to clarify, explain, and

---

[3]*Trevion v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir. 1983).

[4]*Id.*; *Robbins v. Camden City Bd. of Education*, 105 F.R.D. 49, 55 (D.C. N.J. 1985).

[5]*Meese v. Eaton Manufacturing Company*, 35 F.R.D. 162, 166 (N.D. Ohio 1964); *Moses v. State Farm Ut. Auto. Ins. Co.,* 104 F.R.D. 55 (D.C. Ga 1984); *Herbst v. Chicago, R.I. & P.R. Co.*, 10 F.R.D. 14 (S.D. Iowa 1950).

[6]*Moses*, 104 F.R.D. at 58.

[7]Fed. R. Civ. P. 26(e); *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, 1999 WL 386949 (D. Kan. 1999).

[8]*Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (D.C. Pa. 1980); *White v. Beloginis*, 53 F.R.D. 480, 481 (S.D. N.Y. 1971).

support its objections.[9] The objecting party must show specifically how each request is not relevant or how each question is overly broad, burdensome or oppressive,[10] by submitting affidavits or offering evidence revealing the nature of the burden, or how the request is irrelevant.[11] A court is not required to examine every discovery request to determine its relevance.[12] Moreover, showing that a matter is not relevant during the early stages of a lawsuit is a difficult task because almost everything is relevant in the discovery process.

The scope of civil discovery is broad and requires nearly total mutual disclosure of each party's evidence prior to trial.[13] Rule 26 broadly authorizes discovery of "any matter, not privileged, which is relevant to the claim or defense involved in the pending action."[14] The information sought during discovery in a civil case need not be admissible at trial and need only be reasonably calculated to lead to discovery of admissible evidence.[15] Discovery is not limited

---

[9]*Gulf Oil Corp. v. Schlesinger*, 465 F. Supp. 913, 916-17 (E.D. Pa. 1979), *In re Folding Carton Antitrust Litigation*, 83 F. R. D. 260, 265 (N.D. Ill. 1979), *Robinson v. Magovern*, 83 F.R.D. 79, 85 (E.D. Pa. 1979); *Flour Mills of America, Inc. v. Pace*, 75 F. R. D. 676, 680 (E.D. Okl. 1977).

[10]*Trabon Engineering Corp. v. Easton Manufacturing Co.*, 37 F.R.D. 51, 54 (N.D. Ohio 1964); *Stanley Works v. Haeger Potteries, Inc.*, 35 F. R. D. 551, 555 (N.D. Ill. 1964).

[11]*Leumi Financial Corp. v. Hartford Accident & Indemnity Corp.*, 295 F. Supp. 539, 544 (S.D. N.Y. 1969); *Wirtz v. Capital Air Service, Inc.*, 42 F. R. D. 641, 643 (D. Kan. 1967).

[12]*Klausen v. Sidney Printing & Publishing Co.*, 271 F. Supp. 783, 784 (D. Kan. 1967); *Hoffman v. Wilson Line, Inc.*, 7 F. R. D. 73, 74 (D.C. Pa.1946).

[13]*Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

[14]Fed. R. Civ. P. 26(b)(1).

[15]*Id.*; *see also Flanagan v. Travelers Ins. Co.*, 111 F. R. D. 42 (W.D. N.Y. 1986).

3

to issues raised by the pleadings, because it is designed to help define and clarify these issues;[16] and, discovery is not limited to the merits of a case, because facts may come to light that are not anticipated and are not related to the merits.[17]

Discovering previous conduct of Defendants is often the focus of interrogatories and requests for production of documents. Discovery of previous conduct in a Title VII lawsuit is relevant and the scope of discovery is extended to a reasonable number of years before the alleged Title VII violation.[18] The majority of courts have held that going back five years before the first violation occurred is reasonable.

The claim of this lawsuit is race discrimination. Any past conduct, policies, or practices of the Defendants that tend to show that race was a motivation is relevant.

From all of the above, I make the following findings and conclusions.

## III. Findings and Conclusions

1. Defendants have answered Requests for Production 1 through 6 by providing a complete copy of each Plaintiff's personnel file. These files should contain the information requested in Requests for Production 2 through 6. Any objections raised in Requests for Production 1 through 6 are waived and the Defendants are under a continuing duty to supplement the answers and provide missing personnel files, or any other responsive document

---

[16]*Hickman*, 329 U.S. at 500-501.

[17]*Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).

[18]*James v. Newspaper Agency Corp.*, 591 F.2d 579 (10th Cir. 1979) (4 years); *General Ins. Co. v. EEOC*, 491 F.2d 133 (9th Cir. 1974) (8 years held excessive); *Lyoch v. Anheuser-Busch Co.*, 164 F. R. D. 62, 67 (E.D. Mo. 1995) (4 years); *Milner v. Nat'l Sch. of Health Tech.*, 73 F. R. D. 628, 632 (E.D. Pa. 1977) (5 years prior to alleged violation); *Cormier v. PPG Indus.*, 452 F. Supp. 594 (W.D. La. 1978) (5 years).

that is located.  Defendants explained in their Response to Plaintiffs' Motion to Compel that the personnel files of William Ware, Lester Brooks, and Jerome Kidd were not produced because they were lost.  In the future, Defendants are encouraged to disclose such information in their discovery responses instead of posing objections without explanation.

2.  Defendants objected to Request for Production 7, but answered the request by stating that no such "employee manual" had been located.  Since the Defendants' objection is waived, the Defendants are under a continuing duty to supplement this answer and to provide documents that fit a common sense definition of "employee manual."

3.  Defendants answered Request for Production 8 by stating that "at this time" they have not identified a "discharge policy."  Defendants are under a continuing duty to supplement this answer and should provide documents that fit a common sense definition of "discharge policy."

4.  Defendants objected and then answered Request for Production 9 by denying the existence of any judgements entered against them in the last five years.  Defendants have waived their objections, and must go back five years from the date of the first alleged civil rights violation, not five years from the date of the discovery request.

5.  Defendants objected and then answered Request for Production numbers 11 and 12. Defendants are under a duty to supplement these answers, as their objection is waived.

6.  Defendants objected to Request for Production 13 and then answered by stating that they will provide a payroll report containing the requested information.  The objection is improper because it lacks a sufficient explanation.  Moreover, by providing an answer, the objection is waived.  Defendants must produce Plaintiffs' time cards and time sheets.

8. Defendants objected to Request for Production 14 by stating, without explanation, that the request is "vague." Defendants should produce copies of their personnel policies. There is nothing vague about the terms "personnel policies." Defendants should use common sense when they are deciphering discovery requests.

9. In Requests for Production 16 and 17, Plaintiffs asked for the delivery routes of black or African American drivers, and the delivery routes for white or Caucasian drivers for the last 11 years. Defendants made an objection and then answered by stating that they did not maintain separate delivery routes for black and white employees. Defendants made an improper objection because they did not explain how the request is vague and burdensome. Moreover, by supplying a facetious answer, Defendants waived their objection. Defendants must produce delivery routes assigned to black employees and delivery routes assigned to white employees for a time frame of five years before the first alleged violation took place.

10. Defendants objected to Request for Production 18, stating that the request for each Plaintiffs' medical excuses are burdensome and are confidential. Defendants did not explain how this Request for Production will burden them, and Plaintiffs' own medical records are not confidential. Defendants must produce the medical excuses.

11. Defendants objected to Request for Production 19, stating that the production of medical excuses of all its white employees was burdensome, and would require disclosure of confidential information. Defendants are right -- the information is confidential and need not be produced.

12. Defendants objected to Requests for Production 20 through 23, because the information requested was not relevant, was overly broad, and burdensome. Defendants did not

sufficiently explain these grounds. Therefore, Defendants must produce the "Rule and Duty Sheet," the "Policy for Drug Testing, " their hiring policies, and their policy for withholding funds, that were in effect during a five-year period before the first alleged violation took place.

13. Defendants objected to Request for Production 25, which asked for all paycheck stubs issued to each Plaintiff from the date of hire to termination. Defendants stated that the request was overly broad, unduly burdensome, and not designed to lead to the discovery of relevant information. Defendants did not sufficiently explain the basis for their objection, and must produce all paycheck stubs issued to each Plaintiff during the last twelve months of their employment.

14. Defendants objected to Request for Production 26 and then answered it by stating that the information was contained in the personnel files that have already been given to Plaintiffs. Defendants waived the objection and should produce any requested information not contained in the personnel files.

Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part. Defendants must produce responses consistent with the above findings within thirty days of the date of this Order. Plaintiffs' Motion for Sanctions is DENIED.

IT IS SO ORDERED this 16th day of March, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE