## IN THE UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**WASHINGTON LAMONT JONES,**
**WILLIAM WARE, MICHAEL WARD,**
**LAMAR COLE, PATRICK SPEARMAN,**
**KIP RUCKER, WILL GREEN, JEROME KIDD,**
**and CHARLES ROGERS**                                      **PLAINTIFFS**

**v.**                          **4:06CV00944-WRW**

**FORREST CITY GROCERY INC.;**
**DAVID COHN and ALAN COHN,**
**individually and as agents of FORREST CITY**
**GROCERY INC.**                                              **DEFENDANTS**

### ORDER

Pending are Plaintiffs' Third and Fourth Motions to Amend the Complaint;[1] Motion to

Enlarge Discovery;[2] Motion for Contempt, and for Sanctions and Attorney's Fees;[3] and Motion

for Class Certification.[4]

Defendants responded to these Motions,[5] and filed the following:  Motion to Strike

Plaintiffs' Second Amended Complaint;[6] Motion to Strike Plaintiffs' Class Action;[7] Motion to

---

[1]Doc. Nos. 27, 51.

[2]Doc. No. 29.

[3]Doc. No. 53.

[4]Doc. No. 58.

[5]Doc. Nos. 34, 35, 54, 55, 60.

[6]Doc.  No. 30.

[7]Doc. No. 31.

Dismiss the Claims of Will Green, Sidney Parchman, and Charles Rogers;[8] Motion to Sever

Plaintiffs William Ware, Patrick Spearman, Michael Ward, and Brandon Barrett for Improper

Joinder;[9] and Motion to Compel.[10]  Plaintiffs responded[11] to the Motion to Strike and Motion to

Sever, but did not respond to the Motion to Dismiss or Motion to Compel.  Defendants replied[12]

to Plaintiffs' responses.

**I.  Background**

This is a race discrimination case brought under 42 U.S.C. § 1981.  Plaintiffs allege that

Defendants engaged in a pattern and practice of race discrimination with respect to hiring, firing,

promotions, work privileges, raises, discipline, and work assignments; and allege a racially

hostile work-environment.   A jury trial is scheduled for October 10, 2007.[13]

The original Complaint named nine Plaintiffs:  Patrick Spearman, Kip Rucker, Will

Green, Sidney Parchman, Charles Rogers, Washington Lamont Jones, William Ware, Michael

Ward, and Lamar Cole.  Plaintiff filed an Amended Complaint[14] and a first and second Motion to

Amend.[15]  The second proposed Amended Complaint added eight new Plaintiffs:  Eric George,

Brandon Barrett, Eric Brandon, Lester Brooks, Cara Lattimore, Gregory Moore, Isuoma Shine,

---

[8]Doc. No. 32.

[9]Doc. No. 33.

[10]Doc. No. 36.

[11]Doc. Nos. 43, 41.

[12]Doc. No. 48.

[13]Doc. No. 20.

[14]Doc. No. 4.

[15]Doc. Nos. 9, 14.

and Lee Dillard.  With the eight new Plaintiffs, were eight new claims.  In December 2006, the

first Motion was denied as moot, and the second Motion was granted.[16]  However, Plaintiffs

never filed the second proposed Amended Complaint.

Instead of filing the proposed Amended Complaint, Plaintiffs filed third and fourth

motions to amend.  The third and fourth proposed Amended Complaints named nine Plaintiffs

from the original Complaint, as well as those named in the second proposed Amended

Complaint, and added eight more Plaintiffs:  Jason Boyd, Vanessa Isom, Jimmie Kidd, Robert

Glasper, Eric Foster, Tommy Howard, Patrick Stevenson, and Clyde Givans.  Because Plaintiffs

failed to file the second proposed Amended Complaint, they are asking to add a total of sixteen

new Plaintiffs.

Defendants argue that filing an Amended Complaint adding these new parties and claims,

at this late date, would be prejudicial.  In addition, Defendants maintain that not one of the

proposed amended complaints complies with Rule 20(a) of the Federal Rules of Civil Procedure.

Plaintiffs also ask permission to serve more than twenty-five interrogatories.[17] They also

seek sanctions because Defendants failed to produce certain requested documents.

Defendants argue that (1) Plaintiffs should not be allowed to file their second proposed

Amended Complaint; (2) Plaintiffs' Class Action should be stricken because the pleadings do

not comply with Local Rule 23.1; (3) the claims of Plaintiffs William Ware, Patrick Spearman,

Michael Ward, and Brandon Barrett should be severed for improper joinder under Rules 20 and

21 of the Federal Rules of Civil Procedure; (4) Plaintiffs Will Green, Sidney Parchman, and

---

[16]Doc. No. 18.

[17]Fed. R. Civ. P. 33(a) (limiting the number of interrogatories to 25).

Charles Rogers should be dismissed because there are no allegations pertaining to these individuals in the Amended Complaint, and Plaintiffs have yet to file an Amended Complaint that includes the relevant claims; and (5) Plaintiffs should be compelled to make their initial disclosures and answer Defendants' First Consolidated Set of Interrogatories and Requests for Production.

## II. Authority

### A. Joinder

The purpose of permissive joinder is threefold:  (1) to promote trial convenience, (2) to expedite dispute resolution, and (3) to prevent multiple law suits.[18]  Permissive joinder  falls within the Court's sound discretion and is to be liberally granted -- "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties."[19]

Under Rule 20(a) of the Federal Rules of Civil Procedure, multiple claims are properly joined if they (1) arise out of the same transaction or occurrence, or *series of transactions or occurrences* and (2) if any question of law or fact common to all will arise in the action.[20]

In order to satisfy the first requirement of Rule 20(a), all claims must be *logically related*.[21]  The same transaction or occurrence test under Rule 20(a) and 13(a) of the Federal Rules of Civil Procedure are the same.  "'Transaction' is a word of flexible meaning which may

---

[18] 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 at 395 (3d ed. 2001); *Puricelli v. CNA Insurance Co.*, 185 F.R.D. 139, 142 (N.D. N.Y. 1999); *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974).

[19] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

[20] Fed. R .Civ. P. 20(a).

[21] *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926); *Disparte v. Corporate Executive Bd.*,  223 F.R.D. 7 (D. D.C. 2004).

4

include a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."[22]  Identifying and connecting each event is not necessary.[23]  This is especially true when there are allegations that one employer has a general policy of discrimination.  "All of the specific incidences of discrimination flow from this general policy, or pattern and practice, and are logically related and arise out the same series of transactions or occurrences."[24]

### B.  Amending Complaints

As a general rule, leave to amend "shall be freely given when justice so requires."[25] A court may disallow an amendment for various reasons, including undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility.[26] The refusal to grant leave to amend without any justifying reason for the denial is not an exercise of discretion, -- it is an abuse and inconsistent with the Federal Rules.[27]

### C.  Discovery Rules

---

[22]*Mosley*, 497 F.2d at 1333 (quoting *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926)); see also *In re University Med. Ctr.*, 973 F.2d 1065, 1086 (3d Cir. 1992) (recognizing logical relationship test under Rule 13(a)).

[23]*Mosley*, 497 F.2d at 1333; *King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4, 6 (E.D. Pa. 1979).

[24]*Miller v. Hygrad Food Products Corp.*,  202 F.R.D. 142 (E.D. Pa.  2001); see *A.M. Alexander v. Fulton County Georgia*, 207 F.3d 1303, 1323-24 (11th Cir. 2000) (finding that plaintiffs who alleged a wide-range of discriminatory decisions met same transaction or occurrence test); *Mosley,* 497 F.2d at 1333-34 (holding that company-wide policy of alleged discrimination constituted same transaction or occurrence); *King*, 86 F.R.D. at 5-6 (holding that central theme of discriminatory policy meets test).

[25]Fed. R. Civ. P. 15(a).

[26]*Foman v. Davis*, 371 U.S. 178, 182 (1962).

[27]*Id.*

Rule 33(a) of the Federal Rules of Civil Procedure reads: "Without leave of court or written stipulation, any *party* may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served."[28] Parties have 30 days to answer or object to interrogatories.

A party who does not serve an objection to a discovery request within the time required by Rule 33 or 34 of the Federal Rules of Civil Procedure,[29] waives the right to object. This waiver also applies to untimely objections based on privilege or work product.[30]

### D.  Class Certification

"[A] Title VII class action, like any other class action, may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied."[31]  Rule 23(a) of the Federal Rules of Civil Procedure provides as follows**:**

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.[32]

---

[28]Fed. R. Civ. P. 33(a) (emphasis added).

[29]Fed. R. Civ. P. 33(b) (requiring the party upon whom the interrogatories have been served to serve objections within 30 days); Fed. R. Civ. P. 34(b) (requiring the party upon whom the request for documents is served to serve a written response within 30 days).

[30]*Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005); see also *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006) (holding untimely assertion of attorney-client privilege was waived); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659 (D. Colo. 2000) (privilege waived where the defendant filed objections 71 days after interrogatories were served).

[31]*General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).

[32]Fed. R. Civ. P. 23(a).

In a pattern and practice class action, the class must show that Defendants "'regularly and purposefully' treated members of the protected group less favorably and that unlawful discrimination was the employer's 'regular procedure or policy.'"[33]  In short, the class must prove that discrimination was the typical company practice and not isolated or sporadic.[34]   An action based on a pattern and practice of race discrimination must still show that the possible number of Plaintiffs is so numerous that a class action is the only efficient method.

Although there is no bright-line rule for how many members a class must have, many courts have found that classes with fewer than thirty members do not justify a class action.[35] Finally, Plaintiffs must comply with Local Rule 23.1 when attempting to bring a class action.

### E.  Compliance with Discovery Rules and Local Rules

---

[33]*EEOC v. McDonnell Douglas Corp.*, 191 F.3d 948, 951 (8th Cir. 1999) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 and 360 (1977)).

[34]*Morgan v. United Parcel Service of America, Inc.*,  380 F.3d 459 (8th Cir. 2004) (citing *EEOC v. McDonnell Douglas Corporation*, 191 F.3d 948, 951 (8th Cir. 1999)).

[35]See *Pruitt v. City of Chicago, Illinois*, 472 F.3d 925 (7th Cir. 2006) (finding that city employees failed to meet numerosity requirement for class certification race discrimination action where there were only 40 possible class members); *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (finding 18 to be an insufficient number for a class action); *Williams v. Wallace Silversmith, Inc.*, 566 F.2d 364 (2d Cir. 1977) (37 is insufficient); *Ewh v. Monarch Wine Co.*, 73 F.R.D. 131 (E.D.N.Y. 1977) (34 to 50 is insufficient); *Wilburn v. Steamship Trade Ass'n of Baltimore, Inc.*, 376 F. Supp. 1228 (D. Md. 1974) (26 is insufficient); *Pruitt v. Commercial Carriers, Inc*, 395 F. Supp. 1040 (N.D. Ala. 1974) (less than 30 is insufficient); *McClinton v. Turbine Support, Division of Chromalloy Am. Corp*, 68 F.R.D. 236 (W.D. Tex. 1975) (29 is insufficient); *Rodriquez v. U.S. Dept. Of Treasury*, 131 F.R.D. 1 (D. D.C. 1990) (21 is insufficient).

District courts have wide leeway in the application of local rules.[36]  The Eighth Circuit Court of Appeals has held that it is for the district court to determine what departures from its local rules may be overlooked.[37]

## III.  Findings

Based on the above stated authority, and after reviewing the pleadings and supporting arguments, I find:

1.  There are nine original Plaintiffs and the proposed number has increased to twenty-five.  This is a pattern and practice race discrimination case.  The same employer, managers, and supervisors are involved in the case.  Plaintiffs have made sufficient allegations that discrimination is Defendants' standard operating procedure.  The specific claims and  incidents set out in the fourth proposed Amended Complaint flow from the same alleged pattern, practice, and  policy.  The claims are, therefore, logically related and meet the "same transaction and occurrence" test under Rule 20(a) of the Federal Rules of Civil Procedure.  Plaintiffs may amend their complaint to join all additional 16 parties and their specific claims.

2.  Leave to amend should be freely given, unless it would prejudice the opposing party.  Plaintiffs can be categorized according to three job positions -- drivers, warehouse workers, and loading dock helpers.  Plaintiffs who held the same job have similar claims, that involve the same supervisors.  Defendants have been aware of the claims made against them with respect to

---

[36]*Silberstein v. IRS*, 16 F.3d 858, 860 (8th Cir. 1994).

[37]*Trundle v. Bowen*, 830 F.2d 807, 809 (8th Cir. 1987) (citing *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984)); *Barone v. Rich Bros. Interstate Display Fireworks Co.*, 25 F.3d 610, 611 (8th Cir. 1994); *United States v. Ford 250 Pickup*, 980 F.2d 1242, 1245 (8th Cir. 1992).

the drivers, warehouse workers, and helpers since the Complaint and Amended Complaint were filed in August and September 2006.  Since Defendants have had sufficient notice of all the possible claims, they will not be prejudiced by the amendment.  Trial is set in October 2007, and Discovery and dispositive motions deadlines will be extended from July 31, 2007 to August 31, 2007 to give all parties additional discovery time.

3.  An enlargement of discovery beyond the limitations of Rule 33 of the Federal Rules of Civil Procedure is not necessary.  The limitations apply to parties, not claims.  Each Plaintiff is entitled to ask 25 questions, and that is enough.  Moreover, Rule 33 limitations do not apply to Requests for Production of Documents.  In view of this, Plaintiffs have sufficient discovery tools.

4.  Plaintiffs' complaints and Motion for Class Certification do not comply with Local Rule 23.1.  Plaintiffs did not identify the approximate size of the proposed class and have not explained why they can fairly represent a class.  The purpose of Local Rule 23.1 is to ensure that the class boundary is clearly defined so that the proposed "class" may be adequately represented and Defendants are enabled to present an adequate defense.  This is not a local rule that should be overlooked.  For purposes of determining if these Plaintiffs are entitled to class certification, the class is limited to the named Plaintiffs, and no others.  While these twenty-five Plaintiffs have alleged common facts and legal questions, they have not shown that the class is so numerous that joinder is impracticable.   Plaintiffs have failed to demonstrate entitlement to class certification.

5.   Defendants timely produced documents and answered interrogatories, in compliance with the April 23, 2007 Order.[38]  Consequently, there is no basis for sanctions.  On the other hand, Plaintiffs have not made Rule 26 disclosures and have not answered Defendants' First Consolidated Set of Interrogatories and Requests for Production that were served in December 2006.  Moreover, Plaintiffs did not respond to Defendants' Motion to Compel.  By failing to comply with Rule 33 and Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs have waived all objections, including objections based on work-product and privilege.   Plaintiffs will be required to give complete answers to each interrogatory and must produce all documents.

## IV.  Conclusions

For the reasons stated above, Plaintiffs' Third Motion to Amend (Doc. No. 27) is DENIED as moot; Plaintiffs' Fourth Motion to Amend (Doc. No. 51) is GRANTED; Plaintiffs' Motion to Enlarge Discovery (Doc. No. 29) is DENIED; Defendants' Motion to Strike Plaintiffs' Second Amended Complaint (Doc. No. 30) is DENIED as moot; Defendants' Motion to Strike Plaintiffs' Class Action Claim (Doc. No. 31) is DENIED as moot; Defendants' Motion to Dismiss Plaintiffs Will Green, Sidney Parchman, and Charles Rogers (Doc. No. 32) is DENIED as moot; Defendants' Motion to Sever (Doc. No. 33) Plaintiffs William Ware, Patrick Spearman, Michael Ward, and Brandon Barrett is DENIED as moot; Defendants' Motion to Compel (Doc. No. 36) is GRANTED; Plaintiffs' Motion for Contempt, for Sanctions, and Attorneys Fees (Doc. No. 53) is DENIED; Plaintiffs' Motion to Certify Class (Doc. No. 58) is DENIED.

---

[38]Doc. No. 49.

Plaintiffs must file the fourth proposed Amended Complaint **5 days** after the date of this Order, and must completely respond to Defendants' discovery requests **10 days** after the date of this Order.  The discovery and dispositive motions deadlines are extended to **August 31, 2007.**

IT IS SO ORDERED this 12th day of June, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE