**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**WASHINGTON LAMONT JONES, et al.**                                                    **PLAINTIFFS**

v.                            NO. 4:06CV00944-WRW

**FORREST CITY GROCERY INC., et al.**                                                    **DEFENDANTS**

**ORDER**

This employment discrimination lawsuit is set for trial before the Honorable William R. Wilson, Jr., on October 15, 2007. Judge Wilson has referred three discovery motions to this Court for resolution: Defendants' Motion for Clarification or Reconsideration of the Court's September 10, 2007 Order (docket entry # 97); Plaintiffs' Motion to Compel (# 94); and Defendants' Motion to Compel (# 91).

**I.      Defendants' Motion for Clarification**

In their motion to clarify or reconsider, Defendants raise three concerns. First, they seek to postpone depositions currently set for September 25 - 28, 2007 until after the Court has ruled on their pending motion to compel (# 91) and Plaintiffs have produced information requested in discovery. Second, Defendants seek to exclude Plaintiff Tommy Howard's deposition from the one-hour limit set in the September 10, 2007 Order (the "Order") for supplemental depositions of the first seven Plaintiffs. They also ask to exclude from the one-hour limit their examination of Plaintiffs about information Plaintiffs produced after the initial depositions. Third, Defendants contend that the

Court's three-hour limit on depositions of witnesses should not include depositions of Plaintiffs who are, of course, also witnesses.

    A.    <u>Postponing Depositions</u>

Defendants' motion is granted as to the rescheduling of depositions. Depositions will be conducted in Courtroom 1-A of the Richard Sheppard Arnold United States Courthouse in Little Rock, Arkansas, beginning Tuesday, October 2, 2007, and continuing through Friday, October 5, 2007, 8:30 a.m. to 5:00 p.m. each day.

    B.    <u>Deposition of Tommy Howard and Subsequently Produced Information</u>

Tommy Howard's deposition was suspended by the Court after approximately one hour. His upcoming deposition is not supplemental, but rather is a continuation of the original deposition. Mr. Howard's deposition is not subject to the one-hour limit. It will be limited, of course, by Rule 30(b)(2) of the Federal Rules of Civil Procedure. Defendants will be permitted an additional period of up to two hours to depose each Plaintiff regarding information produced after the initial deposition.

    C.    <u>Three Hour Limit for Witnesses</u>

The Court set a three hour limit for depositions of witnesses. This limit does not apply to depositions of parties. Fed. R. Civ. P. 30(b)(2) controls party depositions.

**II.     Plaintiffs' Motion to Compel**

Plaintiffs have moved to compel disclosure of: (1) the financial net worth of Defendant Forrest City Grocery Inc.; (2) the identity of each current employee (in the position of secretary, salesperson, truck driver, helper, supervisor, and lumper) by name; date of hire; title (position); race; and salary; and (3) the identity of all forklift drivers, with information for each regarding: race; date of hire; hourly rate; and date each received a commercial drivers license ("CDL").

      A. <u>Financial Net Worth of Forrest City Grocery Inc. (Request for Production #1)</u>

Defendants object to producing information regarding the financial net worth of Forrest City Grocery until such time as Plaintiffs have established a prima facie case that they are entitled to punitive damages, or until the punitive damages phase of the trial in the event Judge Wilson bifurcates the trial.

Plaintiffs have moved to bifurcate the trial (# 103).  If Judge Wilson grants the motion to phase the trial, Defendants must produce a certified financial statement of net worth for Forrest City Grocery Inc. immediately after any finding of liability against Forrest City Grocery as to one or more of the Plaintiffs.  If Judge Wilson does not grant the motion to phase the trial, Defendants should be prepared to turn over a certified financial statement of net worth at the point, if there is one, that the Judge finds that Plaintiffs have made a prima facie case that they are entitled to punitive damages.

B.  Information Regarding Current Employees (Request for Production #2)

Defendants object to producing the requested list of current employees on several grounds.  First, Defendants contend that they are not required to "create" a document in response to a request for production, and that no such list currently exists.  Second, Defendants contend that the request is overly broad, unduly burdensome, and not reasonably designed to lead to the discovery of relevant information.  Third, Defendants contend that the request seeks personal and confidential information about their employees.  Defendants also complain that they "have no clue" what position Plaintiffs refer to as "lumper."

Defendants' objections are not well taken.  This is an employment discrimination lawsuit based on race.  It is difficult to conjure more relevant information than the race, salaries, and dates of hire of current employees.  Perhaps Plaintiffs' counsel could have framed this request more appropriately as an interrogatory rather than as a request for production.  However, in the light of Judge Wilson's order to the parties to use a common sense approach in responding to discovery (# 37), Defendants should have answered the request.

If Defendants' counsel remain puzzled as to what a lumper is, the Court recommends asking their client.  In the alternative, the Court commends to counsel the on-line Merriam-Webster Dictionary, to wit: "lumper: a laborer who handles freight or cargo."  See http://mw1.merriam-webster.com/dictionary/lumper.  The

information sought in Plaintiffs' Request # 2 must be provided to Plaintiffs so that they receive the information no later than the close of business on Friday, September 28, 2007.

    C.  <u>Information Regarding Forklift Operators (Request for Production #3)</u>

Plaintiffs seek information about forklift operators similar to that sought for other current employees, *i.e.* race, date of hire, remuneration. Defendants again object because no such "list" currently exists, and the Rules do not require them to create a document to respond to a request for production. Defendants also contend that they have no position exclusively for forklift drivers. They object to producing information regarding employees' CDLs because forklift drivers are not required to maintain this type of license.

Defendants' objections are overruled. It matters not that there are no employees who drive forklifts exclusively. If there are employees who are authorized to drive forklifts, Defendants must provide those names to Plaintiffs. Likewise, the request does not ask whether a CDL is required by the government in order for a person to operate a forklift. The question is whether Defendants maintain information regarding employees who drive forklifts for the company and whether Defendants keep copies of employees' CDLs. Defendants are ordered to provide the requested information on or before Friday, September 28, 2007.

**III.   Defendants' Motion to Compel**

Plaintiffs have failed to respond to the Defendants' Motion to Compel (#91), even though the time to respond has long since passed. Defendants' Motion to Compel will be granted in part, and denied in part.

   A.  Initial Disclosures

Rule 26 initial disclosures have not been made for some Plaintiffs who were added recently. Initial disclosures are required within 30 days of a plaintiff's entry into a case when entry occurs after the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(E). It is unclear from the docket sheet exactly when new Plaintiffs were added, but it has been far longer than 30 days since the latest entries, by any measure. Plaintiffs must deliver initial disclosures so that Defendants' counsel receives them no later than the close of business on Friday, September 28, 2007.

   B.  Responses to Defendants' Second Set of Interrogatories and
        Requests for Production of Documents

Plaintiffs have not delivered responses to Defendants' Second Set of Interrogatories and Requests for Production. The time for responding or objecting has long since passed. Plaintiffs must submit responses to all interrogatories and requests for production so that Defendants' counsel receive them no later than the close of business Friday, September 28, 2007.

C. <u>Copies of Audio Tapes</u>

According to responses provided by some Plaintiffs, and by their counsel, there are audio tapes of Forrest City Grocery managers and employees. Copies of all such tapes must be delivered to Defendants' counsel by the close of business on Friday, September 28, 2007.

D. <u>Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents</u>

Defendants propounded identical interrogatories and requests for production to each Plaintiff in their First Set of Interrogatories and Requests for Production. Although Plaintiffs have responded, Defendants contend that many of the responses are insufficient, and they request an Order requiring more complete responses.

Interrogatory No. 2 seeks statements [not privileged] obtained in connection with Plaintiffs' claims. To the extent any such statements exist, whether written, taped, videotaped or otherwise saved, they must be delivered to Defendants no later than the close of business Friday, September 28, 2007.

Interrogatory No. 3 deals with taped conversations or statements involving employees of Forrest City Grocery. Any such tapes must be delivered in accordance with this Order. See III. C. above.

Interrogatories No. 4 and 5 seek names of people with knowledge and information to support Plaintiffs' claims. This information, complete with addresses and phone numbers, if known, is required as a part of initial disclosures under Rule 26 (a). Plaintiffs

are obligated to supplement initial disclosures as information becomes available. Information regarding witnesses who may testify also is required as a part of the parties' pretrial disclosure sheets. The Court notes that Plaintiffs have not filed a Pretrial Disclosure Sheet (due September 17, 2007), as required by the Court's Final Scheduling Order (# 20). Plaintiffs are cautioned that Judge Wilson may bar witnesses from testifying unless they are timely included on Pretrial Disclosure Sheets. Likewise, failure to timely supplement initial disclosures may result in sanctions under Rule 37. Plaintiffs are ordered to supplement responses to Interrogatories 4 and 5 and deliver them to Defendants' counsel by the close of business on Friday, September 28, 2007.

Interrogatory No. 6 seeks information regarding criminal convictions. Several Plaintiffs responded in the affirmative when asked about criminal convictions, but failed to provide requested details. Plaintiffs Charles Rogers, Vanessa Isom, Gregory Moore, Eric George, and Eric Brandon are ordered to supplement their responses to Interrogatory No. 6 and deliver the information to Defendants' counsel by the close of business Friday, September 28, 2007.

Interrogatory No. 7 seeks information regarding other lawsuits in which Plaintiffs have been involved. Several Plaintiffs responded that they have been in other lawsuits, but they fail to provide details, as requested. Those Plaintiffs who have been involved in other litigation must supplement their responses and deliver them to the Defendants' counsel by the close of business on Friday, September 28, 2007.

All Plaintiffs who have not done so must respond to Interrogatory No. 8 setting out any history of mental, emotional, nervous, or psychiatric problems, complete with details requested in the Interrogatory, by the close of business on Friday, September 28, 2007.

Interrogatory No. 9 is overly broad and also vague. It is unclear to the Court what constitutes a "minor" medical condition. Furthermore, the ten-year time span is unduly broad. Plaintiffs must respond, however, providing information about surgeries, hospitalizations, and chronic medical conditions suffered over the past five years and deliver this information to Defendants' counsel by the close of business on Friday, September 28, 2007.

Interrogatory No. 10 seeks information about treatment Plaintiffs received as a result of the alleged misconduct of the Defendants in this case. This is relevant information that must be provided to Defendants' counsel by the close of business on Friday, September 28, 2007.

Interrogatory No. 11 is overly broad with respect to physical medical conditions considering the fact that Plaintiffs are not requesting damages for physical injury. Furthermore, it is duplicative of other interrogatories seeking information regarding mental health. Plaintiffs need not provide further answers to this Interrogatory.

Interrogatory No. 12 must be completely answered by all Plaintiffs. Defendants are entitled to know the income of each Plaintiff over the past five years. This

information must be delivered to Defendants' counsel no later than the close of business on Friday, September 28, 2007.

Interrogatory No. 13 requests a computation of damages claimed by each Plaintiff. This information is required as a part of a claiming party's initial disclosures. Plaintiffs are obligated to provide this information under the Rules. Plaintiffs are ordered to answer this Interrogatory fully and to deliver their responses to Defendants' counsel by the close of business on Friday, September 28, 2007.

Request for Production No. 1 seeks all documents each Plaintiff has "obtained" from Defendants or their employees. The Court will limit this request to documents Plaintiffs have received from Defendants or their employees, except for documents provided to Plaintiffs by Defendants through the discovery process. Plaintiffs must supplement their responses to this request by the close of business on Friday, September 28, 2007.

Request for Production No. 2 seeks Plaintiffs' tax returns and W-2 forms since 2002. Plaintiffs must provide this information, to the extent they have the documents requested, by the close of business on Friday, September 28, 2007. However, this information will be subject to a protective order limiting review of any tax returns to Defendants' counsel for use only in this case. At the close of the case, all copies are to be returned to the appropriate Plaintiffs. Defendants' counsel are directed to submit a

protective order with these provisions to the Court for review and approval by the close of business on Thursday, September 27, 2007.

Request for Production No. 3 is a broad request for documents that refute or concern allegations in the Complaint. Defendants contend that some of Plaintiffs' responses are inadequate because Plaintiffs respond that they will introduce discovery information submitted by the Defendants and documents in personnel files. The request is for documents in Plaintiffs' possession that concern or refute allegations. It is not a request for exhibits to be used at trial. Plaintiffs should fairly respond to this Request and deliver their responses to Defendants' counsel by the close of business Friday, September 28, 2007.

Request for Production No. 4 does seek exhibits to be used at trial. The Plaintiffs should have this information by now. These documents must be delivered to Defendants' counsel by the close of business on Friday, September 28, 2007. The Court again cautions Plaintiffs about the perils of failing to timely file a Pretrial Information Sheet, which requires a list of exhibits. The Plaintiffs' Pretrial Sheet is already one week overdue.

Request for Production No. 5 seeks executed employment records authorizations. Some Plaintiffs have responded by promising to supplement the answer at a later date.

The time for supplementing has arrived. The executed authorizations must be delivered to Defendants' counsel by the close of business on **Wednesday, September 26, 2007.**[1]

Request for Production No. 6 seeks authorizations to obtain tax information. Plaintiffs are ordered to provide executed authorizations by the close of business on **Wednesday, September 26, 2007**. However, this information will be subject to a protective order limiting review of any tax information to Defendants' counsel for use only in this case. At the close of the case, all copies are to be returned to the appropriate Plaintiffs. Defendants' counsel are directed to submit a protective order with these provisions to the Court for review and approval by Thursday, September 27, 2007.

Request for Production No. 7 seeks medical release authorizations. This will be limited to *mental health* medical releases which must be delivered to Defendants' counsel by the close of business **Wednesday, September 26, 2007.** This information will be subject to a protective order limiting review of any mental health information to Defendants' counsel for use only in this case. At the close of the case, all copies are to be returned to the appropriate Plaintiffs. Defendants' counsel are directed to submit a protective order with these provisions to the Court for review and approval by Thursday, September 27, 2007.

---

[1] Authorizations should take virtually no time to execute and send. Defendants need this information in order to investigate Plaintiffs' claims before the depositions set to begin October 2, 2007. Therefore, authorizations must be delivered on Wednesday rather than on Friday, when other responses are due under this Order.

Request for Production No. 8 seeks notes and recordings of conversations with current or former employees or agents of the Defendants. If such notes or recordings exist, they should be delivered to Defendants' counsel by the close of business on Friday, September 28, 2007.

Request for Production No. 9 seeks journals, diaries, and the like, that record Plaintiffs' thoughts and feeling regarding the events alleged in the Complaint. Some Plaintiffs have responded to this request by offering to supplement the response at a later date. As noted above, the time to supplement is at hand. If there are such documents and recordings, they should be delivered to Defendants' counsel by the close of business Friday, September 28, 2007.

Requests for Production No. 10 and No. 11 must be supplemented, if appropriate, by the close of business Friday, September 28, 2007.

All parties and their counsel are warned, in the strongest manner, that failure to abide by the directive in this Order will result in sanctions. The Court suggests that a review of Rules 11 and 37 of the Federal Rules of Civil Procedure would be appropriate for both sides.

**IV.   Depositions**

As noted above, counsel for the parties will conduct depositions beginning at 8:30 a.m. on Tuesday, October 2, 2007. Depositions will be subject to this Court's supervision, as needed. However, parties and counsel are advised to review Rule 30(d)(1) prior to the

commencement of the depositions.  Counsel are expected to abide by both the letter and spirit of Rule 30.  Failure will not be suffered gladly.

IT IS SO ORDERED this 25th day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE