UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| WASHINGTON LAMONT JONES, WILLIAM WARE, MICHAEL WARD, LAMAR COLE, PATRICK SPEARMAN, KIP RUCKER, WILL GREEN, JEROME KIDD, CHARLES ROGERS, ERIC GEORGE, BRANDON BARRETT, ERIC BRANDON, LESTER BROOKS, CARA LATTIMORE, GREGORY MOORE, ISOUMA SHINE, LEE DILLARD, JASON BOYD, VANESSA ISOM, ROBERT GLASPER, JIMMIE KIDD, ERIC FOSTER, TOMMY HOWARD, PATRICK STEVERSON AND CLYDE GIVANS * * * * * * * * * | CIVIL ACTION<br><br>NO. 4-06-CV-00944WRW |
| Plaintiffs,   * | |
| versus   * | JUDGE WILSON |
| FORREST CITY GROCERY INC. AND DAVID COHN & ALAN COHN, INDIVIDUALLY AN AS AGENTS ON BEHALF OF FORREST CITY GROCERY INC. * * * | |
| Defendants.   * | |

**PROTECTIVE ORDER**

Numerous personnel and payroll records of Forrest City Grocery, Inc. ("Forrest City") contain confidential information, the disclosure of which could be harmful to Forrest City's business and affect its competitiveness. Further, these records contain confidential information concerning its employees, the disclosure of which could be adverse to the employees. Plaintiffs have also sought information concerning Forrest City and its equity owners that is not generally known to the public, the publication and

disclosure of which could prove harmful to the reputation of Forrest City and/or its equity owners. However, some of the above-described records may contain information relevant to Plaintiffs' claims and, thus, be discoverable. Accordingly, the Court orders that:

1. Forrest City and/or the individual Defendants shall designate any documents containing confidential information related to themselves or Forrest City's employees as "confidential records" at the time the records are produced. Any records so designated are subject to this Agreed Protective Order. If Defendants do not designate a document as a confidential record at the time it is produced but subsequently notifies Plaintiffs that the document is a confidential record, the designated documents shall be subject to the Protective Order at the time of notification.

2. The "confidential records" are to be considered confidential for purposes of this Order.

3. The "confidential records" may be used solely for the purpose of this litigation and for no other purpose.

4. The "confidential records" will be retained in the office of counsel for Plaintiffs except that counsel for Plaintiffs may remove the documents from the office for the time necessary for:

   A) Examination by experts or witnesses in this case who will testify about information on the confidential records;

   B) For use at Court for trial, hearing, or deposition.

5. Copying of the "confidential records" will be strictly limited to:

   A) Copies used as exhibits attached to depositions, motions, or other court filings;

   B) Necessary copies of the confidential records used as an exhibit at trial;

6. Plaintiffs shall not disclose the contents of the "confidential records." Plaintiffs shall allow individuals to view the "confidential records" only to the extent necessary to pursue Plaintiffs' claims in this matter. Such individuals are limited to Plaintiffs' attorney, the

attorney's staff involved in this litigation, stenographers, reporters, witnesses, and experts involved in this matter. All persons having access to the "confidential records" shall be advised that the "confidential records" are subject to a protective order and shall agree to be bound thereto.

7. The parties agree to safeguard all social security numbers and redact them from public filings.

Nothing contained in this Order shall prevent the use of the "confidential records" or any part thereof, at trial, subject to the Court's approval, or at deposition with the following safeguards.

> If used at deposition, the deponent and the reporter will be informed of the protective order and be advised that pursuant to this protective order, he or she may not divulge any confidential information except as necessary in providing testimony or services in this litigation.

At the conclusion of the litigation, counsel for Plaintiffs shall destroy the documents within 30 days after the expiration of the right of appeal following judgment or dismissal. The duty not to disclose the confidential information shall be a continuing duty.

Any party may apply to the Court for a modification of this Order and nothing in this Order shall be deemed to prejudice their right to seek modification. The parties agree to make good faith efforts to comply with all terms of this Order.

_____
JUDGE, EASTERN DISTRICT OF ARKANSAS

12/12/07
_____
DATE