IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES, et al.                                              PLAINTIFFS

VS.                              CASE NO. 4:O6-CV-00944-BSM

FORREST CITY GROCERY, INC., et al                                          DEFENDANTS

ORDER

Pending before the court is the plaintiffs' motion in limine [Doc. # 172] and the defendants' response [Doc. # 209]. The motion is denied without prejudice for the reasons stated below.

BACKGROUND

This is the first of many pending motions in this case. Plaintiffs are the former employees of Defendant, Forrest City Grocery. Plaintiffs allege that Forrest City Grocery and its agents, some of whom are also named defendants, engaged in racially hostile practices and procedures, subjected black employees to a racially hostile work environment, and engaged in racially biased hiring procedures. Plaintiffs also assert that two supervisors, defendants Alan Cohn and David Cohn, often made derogatory statements and used profane language when addressing the black employees.

DISCUSSION

Plaintiffs' motion in limine states that Defendants will call the following witnesses: Roy C. Lewellan, Gordon McCoy, Abby Robinson, Alice Bonds, Katerine Coleman, Gary Simms, and Dwight Loftman. Plaintiffs have moved to exclude the testimony of these witnesses pursuant to Rule 602 of the Federal Rules of Evidence. Rule 602 provides:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal

> knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.

Rule 602 prohibits the admission of testimony concerning matters the witness did not observe or had no opportunity to observe. *United States v. Oliver*, 908 F.2d 260 (8th Cir. 1990). Plaintiffs allege that these witnesses have never been employed by Forrest City Grocery and therefore have no personal knowledge of the work environment at Forrest City Grocery, nor the policies, practices, and procedures of Forrest City Grocery. Plaintiffs speculate that the individuals will testify regarding social and civic events they attended with the Cohns. They argue that evidence of the Cohns character outside the work environment is highly prejudicial and lacks probative value.

In response, Defendants argue that they do not intend to call these witnesses to testify as to the work environment at Forrest City Grocery. They state that any testimony by these witnesses will be proffered under Rule 404(b) of the Federal Rules of Evidence as evidence of lack of intent to discriminate. Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Evidence is admissible under Rule 404(b) if it is relevant to a material issue, proved by a preponderance of the evidence, its probative value is not outweighed by its potential for prejudice, and it is similar in kind and close in time to the event at issue. *King v. Ahrens*, 16 F.3d 265 (8th Cir. 1994). In the Eighth Circuit Rule 404(b) is a rule of inclusion. *Id*. The Rule 403 balancing of probative value versus prejudicial effect is an integral step toward a determination of admissibility

under Rule 404(b). *Id*.

Rule 403 authorizes the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *U.S. v. Roenigk*, 810 F.2d 809 (8th Cir. 1987). "Unfair prejudice" has been defined as an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id*. at 814.

The court is unconvinced that these witnesses have anything to say that is relevant to the matters at issue; however, without hearing their testimony, the court is unable to find any reason to exclude their testimony. For this reason, the motion in limine is denied. The court, however, will permit Plaintiffs to make objections to the witnesses' testimony at trial and take up issues of exclusion as those issues are presented.

IT IS SO ORDERED this 20th day of May, 2008.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE