IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES, et al.                                    PLAINTIFFS

VS.                              4:O6-CV-00944-BSM

FORREST CITY GROCERY, INC., et al                                  DEFENDANTS

ORDER OF DISMISSAL WITH PREJUDICE

After reviewing Defendants' uncontested motion to dismiss the claims of Plaintiffs, Clyde Givans and Gregory Moore [Doc. #169], and the entire record, the court is convinced that the motion to dismiss is well-taken and should be granted.

BACKGROUND

Givans and Moore are among twenty-five plaintiffs alleging that Defendants engaged in unlawful discrimination. Givans was initially scheduled to be deposed on March 19, 2008; however, at the start of the deposition, Givans informed the attorneys that he was ill and he agreed to return at a later date. Givans and Moore were re-noticed for their depositions which were set for April 17, 2008. Both, however, failed to appear.

The court is mindful that the discovery process has been rather contentious. The court suspended depositions and then ordered that the depositions be conducted at the courthouse. The court has also warned Plaintiffs that any further deposition misconduct would result in sanctions pursuant to Rule 37(d)(1) of the Federal Rules of Civil Procedure.

ANALYSIS

This court has wide latitude in imposing sanctions for failure to comply with discovery orders. *Aziz v. Wright*, 34 F.3d 587 (8th Cir. 1994); *Hazen v. Pasley*, 768 F.2d 226 (8th Cir. 1985).

Rule 37(d) of the Federal Rule of Civil Procedure is strictly construed and permits the court to sanction a party who fails to comply with a discovery order. Indeed, the court is permitted to, among other things, dismiss an action if a party fails to appear for his deposition. *Aziz*, 34 F.3d at 589.

Defendants' uncontested motion to dismiss states that Givans and Moore failed to appear for their scheduled depositions and that the court should, therefore, dismiss their cases. [Doc. #169]. Although the court would normally issue a show cause notice allowing Givans and Moore an opportunity to show the court why their cases should not be dismissed, Givans and Moore have not disputed the allegations set forth in the motion to dismiss. The court, therefore, accepts as true, all of the allegations in the motion to dismiss. Based on those allegations, and the entire record, the court finds that the motion to dismiss the complaints of Givans and Moore is well-taken and should be granted. For these reasons, the claims of Givans and Moore are dismissed with prejudice.

IT IS SO ORDERED this 21st day of May, 2008.

/s/ Brian S. Miller<br>
UNITED STATES DISTRICT JUDGE