IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES, et al.                              PLAINTIFFS

v.                              CASE NO. 4:06cv00944 BSM

FORREST CITY GROCERY INC., et al.                            DEFENDANTS

ORDER

Pending before this court is Defendants' Motion for Partial Summary Judgment [Doc. 174]. Plaintiffs failed to file a response to the motion. For the reasons stated below, the motion should be granted.

*I. BACKGROUND:*

This is the first of fourteen pending motions for summary judgment in this 42 U.S.C. §1981 case. Defendant Forrest City Grocery (FCG) is a grocery wholesaler located in Forrest City, Arkansas, that delivers bulk goods to retailers in Arkansas, Mississippi, Tennessee, and Missouri. FCG is owned and operated by Allen and David Cohn. FCG employs roughly 200 employees, of which 148 are African-American. FCG's workforce includes thirteen supervisor of which seven are African-American.

On August 8, 2006, nine former FCG employees filed suit pursuant to 42 U.S.C. § 1981, alleging that FCG and its agents engaged in racially hostile practices and procedures, subjected African-American employees to a racially hostile work environment, and engaged in racially biased hiring procedures. They also sought class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The nine original plaintiffs are: Patrick Spearman, Kip Rucker, Will

Green, Sidney Parchman, Charles Rogers, Washington Lamont Jones, William Ware, Michael Ward, and Lamar Cole.  Through a series of amended complaints, sixteen additional plaintiffs were added: Eric George, Brandon Barrett, Eric Brandon, Lester Brooks, Cara Lattimore, Gregory Moore, Isuoma Shine, Lee Dillard, Jason Boyd, Vanessa Isom, Jimmie Kidd, Robert Glasper, Eric Foster, Tommy Howard, Patrick Stevenson, and Clyde Givans.  The Plaintiffs are all African-American.  In a June 12, 2007 order, it was found that the Plaintiffs were not entitled to class certification.  On May 21, 2008, upon Defendants' motion, Plaintiffs Clyde Givans and Gregory Moore were dismissed.

## II.  STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 864, 825 (8th Cir. 2008).  The burden on the party moving for summary judgment is only to demonstrate, *i.e.*, to point out to the District Court that the record does not disclose a genuine dispute on a material fact.  *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, *273 (8th Cir. 1988) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986)).  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out the movant's assertion.  *Id*.  Once the movant has carried its burden under Rule 56(c), the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, *587 (1986).  In the language of the Rule, the nonmoving party must come forward with specific facts showing hat there is a genuine issue for trial.  *Id*.  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  *Id*.

### III.  DISCUSSION

Defendants argue that, because this is a non-class action lawsuit, the plaintiffs cannot assert a pattern or practice claim and therefore are unable to avail themselves of the lesser burden of proof found in *International Brotherhood of Teamsters v. U.S.*, 431 U.S. 324 (1977) (Teamsters). Defendants state that the plaintiffs must proceed under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and because of this their pattern and practice claims must fail.

In discrimination cases brought by private plaintiffs or by the government on behalf of many employees, charging that an employer engages in discriminatory practices and procedures the plaintiff must first prove by a preponderance of the evidence that the defendant engaged in a pattern or practice of unlawful discrimination in various company policies, that discrimination was the company's standard operating procedure. *See Teamsters*, 431 U.S. at 336; *Craik v. Minnesota State Univ. Bd.*, 731 F.2d 465, 470 (8th Cir. 1984).  The burden then shifts to the defendant to produce evidence showing that the plaintiffs proof is either inaccurate or insignificant. *See Teamsters*, 431 U.S. at 360; *Craik*, 731 F.2d at 470.  If the defendant fails to rebut the plaintiff's evidence, the trial court may conclude that a violation occurred and determine the appropriate remedy. *Craik*, 731 F.2d at 470.

The pattern or practice method of proof is almost exclusively used in class actions, with individual racial discrimination plaintiffs confined to the *McDonnell-Douglas* framework. *Diaz v. Ashcroft*, 301 F. Supp.2d 112 (D. Puerto Rico 2004).  The Supreme Court has never applied the teamsters method in a private, non-class suit, and in *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 104 S.Ct. 2794 (1984), the Court recognized that a distinction exited between individual racial discrimination claims and class actions. *Diaz*, 301 F. Supp.2d at *115.  In *Cooper*,

the Court explained:

> The crucial difference between an individual's claim of discrimination and a class action alleging a general pattern or practice of discrimination is manifest. The inquiry regarding an individual's claim is the reason for a particular employment decision, while "at the liability stage of a pattern-or-practice trial the focus often will not be on individual hiring decisions, but on a pattern of discriminatory decisionmaking.

*Cooper*, 467 U.S. at 876, 104 S.Ct. at 2999-2800. [internal citations omitted.]

In the present case, class action certification was denied[1] [Doc. # 62], so Defendants are correct in their assertion that analysis found in the *Teamsters* case does not apply. The *McDonnell-Douglas* framework will require that each individual plaintiff show: (1) they are a member of a protected class, (2) they were meeting their employer's legitimate job expectations, (3) they suffered an adverse employment action, and (4) similarly situated employees outside the protected class were treated differently. *McDonnell-Douglas,* 411 U.S. at 802-04; *Shanklin v. Fitzgerald*, 397 F.3d 596 (8th Cir. 2005).

## IV. CONCLUSION

Because the plaintiffs failed to file a response, the court has to accept the facts alleged by the defendants as true. This is a private, non-class action, suit and Plaintiffs cannot proceed under the theory of pattern or practice. Defendants are therefore entitled to summary judgment on this issue as a matter of law. For these reasons, Defendants' motion for partial summary judgment is granted and that portion of the plaintiffs' claims alleging pattern or practice liability is dismissed with prejudice.

IT IS SO ORDERED this 9th of June, 2008.

---

[1] Class certification was denied due to failure to comply with Local Rule 23.1

_____
UNITED STATES DISTRICT JUDGE