IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES, et al.                              PLAINTIFFS

v.                         CASE NO.: 4:06cv00944 BSM

FORREST CITY GROCERY INC., et al.                            DEFENDANTS

ORDER

Pending before this court is Defendants' Motion for Summary Judgment on the Claims of Brandon Barrett [Doc. # 187] and Plaintiffs' response [Doc. # 250]. This is the eighth of fourteen pending motions for summary judgments in this case. For the reasons stated below, the motion should be granted.

*I. BACKGROUND*

Defendant Forrest City Grocery (FCG) is a grocery wholesaler located in Forrest City, Arkansas, that delivers bulk goods to retailers in Arkansas, Mississippi, Tennessee, and Missouri. FCG is owned and operated by Allen and David Cohn. FCG employs roughly 200 employees, of which 148 are African-American. FCG's workforce includes thirteen supervisor of which seven are African-American.

On August 8, 2006, nine former FCG employees filed suit pursuant to 42 U.S.C. § 1981, alleging that FCG and its agents engaged in racially hostile practices and procedures, subjected African-American employees to a racially hostile work environment, and engaged in racially biased hiring procedures. They also sought class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The nine original plaintiffs are: Patrick Spearman, Kip Rucker, Will Green, Sidney Parchman, Charles Rogers, Washington Lamont Jones, William Ware, Michael Ward,

and Lamar Cole. Through a series of amended complaints, sixteen additional plaintiffs were added: Eric George, Brandon Barrett, Eric Brandon, Lester Brooks, Cara Lattimore, Gregory Moore, Isuoma Shine, Lee Dillard, Jason Boyd, Vanessa Isom, Jimmie Kidd, Robert Glasper, Eric Foster, Tommy Howard, Patrick Stevenson, and Clyde Givans. The Plaintiffs are all African-American. In a June 12, 2007 order, it was found that the Plaintiffs were not entitled to class certification. On May 21, 2008, upon Defendants' motion, Plaintiffs Clyde Givans and Gregory Moore were dismissed.

Defendants have now moved for summary judgment on the claims of Plaintiff Brandon Barrett. Barrett began working for FCG on April 21, 2004. He worked as a puller on the night shift in the cigarette room. On March 9, 2006, Barrett left during his shift to take care of a personal matter, as he was leaving, someone saw Barrett drop a bag of marijuana in the parking lot. A bag of cigarettes was also found nearby. When Barrett resumed his shift, he was confronted by Tony Cummings, FCG's white warehouse manager, and Wayne Davis, a white security guard, and a search was conducted of Barrett's car.

On March 13, 2006, Barrett submitted his resignation. He informed FCG that he had obtained a job on the day shift at Vicairo Lumber. Although the pay at Vicairo was less, Barrett was offered the opportunity to work more hours. However, later that same day, Barrett was terminated due to suspicion of possession of marijuana and theft of cigarettes.

In addition to his discrimination claim, Barrett alleges that: (1) FCG engages in racially discriminatory practices and procedures[1]; (2) FCG engages in racially biased hiring practices; (3) FCG subjected him to a racially hostile work environment; and (4) FCG engaged in practices that

---

[1]Defendants filed a separate motion for summary judgment on the pattern and practice claims. That issue will be addressed in a separate memo.

violated Arkansas Code Annotated sections 11-4-210 and 211. Defendants have moved for summary judgment on all of Barrett's claims.

## II.  STANDARD FOR SUMMARY JUDGMENT

When considering motions for summary judgment, this court views the evidence in a light most favorable to the nonmoving party and gives that party the benefit of all inferences that might reasonably be drawn. *See Buboltz v. Residential Advantages, Inc.*, 523 F.3d 864, *868 (8th Cir. 2008). Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Carrington v. City of Des Moines, Iowa*, 481 F.3d 1046, *1050 (8th Cir. 2007). To be a genuine issue of fact, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506 F.3d 1092, *1094 (8th Cir. 2007). To be a material fact, the factual issue must potentially affect the outcome of the suit under the governing law. *Id*.

The burden on the party moving for summary judgment is only to demonstrate, *i.e.*, to point out to the District Court that the record does not disclose a genuine dispute on a material fact. *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, *273 (8th Cir. 1988) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986)). It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out the movant's assertion. *Id*. Once the movant has carried its burden under Rule 56(c), the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, *587 (1986).

In the language of the Rule, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Id*. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id*.

### III.  DISCUSSION

In support of their motion for summary judgment, Defendants submit Barrett's October 2, 2007 deposition testimony, and the Declarations from Tony Cummings.[2] In opposition to the motion for summary judgment, Barrett submits his affidavit testimony, his drug test results, a portion of his October 2, 2007 deposition testimony, and affidavits from Donny Pierson and Dameon Jones.

A.   <u>Discrimination Claims</u>

1.  Wrongful Termination Claim

A plaintiff raising claims of race discrimination may survive a motion for summary judgment either by proof of "direct evidence" of discrimination, or by creating the requisite inference of unlawful discrimination through the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.ct. 1817 (1973). *E.E.O.C. v. Trans State Airlines, Inc.*, 462 F.3d 987, *991 (8th Cir. 2006); *see Fields v. Shelter Mut. Ins. Co.*, __ F.3d __, 2008 WL 763017 (8th Cir. 2008); *King v. Hardesty*, 517 F.3d 1049, *1057 (8th Cir. 2008). Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action. *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, *1034 (8th Cir. 2007); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, *933 (8th Cir. 2006).

---

[2]The Defendants also submit their deliver route sheets and the employee history for Patrick Spearman; however, these items are not relevant as to the present motion.

Direct evidence does not include stray remarks in the workplace, statements by non-decision-makers, or statements by decision-makers unrelated to the decisional process itself. *Twymon*, 462 F.3d at *933; *King*, 517 F.3d at *1058.

Barrett was terminated because he was suspected of possessing marijuana and stealing cigarettes [Defendants' undisputed facts]. In his deposition testimony, Barrett states that he believed he was discriminated against [Dep. p. 74]. He explained that Tony Cummings, a white supervisor, talked to him rudely and that he often felt uncomfortable when Cummings talked to him. [Dep. p. 75] It is well-settled, that a plaintiff's beliefs or feelings cannot create a triable issue of discrimination. *Harris v. Home Savings Ass'n*, 730 F.Supp. 298, *304 (W.D. Mo. 1989). Barrett, therefore, fails to produce any direct evidence of discrimination.

In the absence of direct evidence of discrimination, Barrett's claim will next be examined under the burden-shifting framework of *McDonnell-Douglas*. The *McDonnell-Douglas* burden-shifting framework applies to claims of race discrimination under section 1981. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1196 (8th Cir. 2006); *Harris v. Hays*, 452 F.3d 714, *717 (8th Cir. 2006). Under this framework, a plaintiff first must establish a prima facie case of discrimination; if a prima facie case is established, the burden of production shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged action; and if the defendant proffers such a reason, the burden shift back to the plaintiff to establish that the proffered reason is a mere pretext for discriminatory animus. *Harris*, 452 F.3d at *717-18. To establish a prima facie case of discriminatory discharge, Barrett must show that: (1) he belongs to a protected class; (2) he was meeting FCG's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Fields*, __ F.3d

5

at __; *Shanklin v. Fitzgerald*, 397 F.3d 596, *602 (8th Cir. 2005).

FCG does not dispute that Barrett is a member of a protected class, that he was meeting FCG's job expectations, and that Barrett suffered an adverse employment action. Defendants point out that Barrett's fails to met his burden of proving that similarly situated persons outside the protected class were treated differently. To establish that a similarly-situated employee received more favorable treatment, the evidence must show that the similarly-situated employee dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances. *E.E.O.C. v. Trans-State Airlines*, 462 F.3d at *993; *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, *913 (8th Cir. 2006).

As stated earlier, Barrett was terminated because he was suspected of possessing marijuana on the job premises and theft of cigarettes [Dep. p. 31]. In his deposition testimony, Barrett states that he observed a white coworker named Marion using drugs [Dep. p. 5]. He also states that this did not occur on the job [Dep. p. 114]. Barrett admits that he does not know of any whites who were accused of stealing or who had been fired for stealing [Dep. pp. 6, 115-16]. Upon viewing this evidence in light most favorable to Barrett, this court finds that Barrett fails to prove that similarly situated employees outside the protected class were treated differently. He is therefore unable to establish a prima facie case of discrimination.

Even if Barrett had established a prima facie case of discrimination, FCG offers a legitimate reason for Barrett's termination and Barrett is unable to prove that FCG's stated reason is mere pretext for discriminatory animus. A plaintiff may make a sufficient showing of pretext by different means, including showing that an employer: (1) failed to follow its own policies; (2) treated similarly-situated employees in a disparate manner; and (3) made substantial changes over time in

its proffered reason for an employment decision. *Arnold v. Nursing & Rehab. Ctr. at Good Shepherd, LLC.*, 471 F.3d 843, *847 (8th Cir. 2006). Regardless of the method employed to prove pretext, a plaintiff must demonstrate that a discriminatory animus lies behind the defendants' neutral explanations. *Id*. Even if an employer fires an employee based upon a mistaken belief, the employee still must offer some evidence that racial animus was at the root of the termination. *Id*.

In his affidavit, Barrett denies using drugs and submits his drug test results as proof [Paragraph 5]. Even if this is true, Barrett fails to proffer proof that the stated reason was merely pretext for racial animus.

Barrett fails to produce direct evidence that his termination was discriminatory. Nor does he produce evidence creating an inference discrimination. A reasonable jury would not issue a ruling in his favor; therefore, the court finds that there are no genuine issues of material fact and that Defendants are entitled to summary judgment on Barrett's wrongful termination claim.

2. Negative Reference Claim

Barrett also alleges he was discriminated against when FCG provided a negative employment reference. Defendants point out that Barrett fails to provide evidence to support this claim. Defendants are correct, Barrett fails to offer specific facts opposing the motion for summary judgment on this issue. Therefore, the Defendants are entitled to summary judgment on this claim as a matter of law.

3. Failure to Promote Claim

To establish a prima facie case of racial discrimination in a failure to promote claim, a plaintiff must show: (1) he is a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) eh was rejected; and (4) similarly situated employees, not

part of the protected group were promoted instead. *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, *937 (8th Cir. 2007); *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, *1007 (8th Cir. 2005). To establish a prima facie failure to promote claim, a plaintiff ordinarily must show he or she applied for the promotion and was rejected or that he or she made every reasonable attempt to convey his or her interest in the job to the employer. *McClure v. Career Sys. Dev. Corp.*, 447 F.3d 1133, *1135 (8th Cir. 2006); *Allen*, 475 F.3d at *937. If a prima facie case is established, the burden of production shifts to the employer, who must rebut the presumption of discrimination with evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. *Allen*, 475 F.3d at *937. A plaintiff may nonetheless prevail by presenting credible evidence the employer's stated reasons are pretextual. *Id.*

While employed at FCG, Barrett never applied for a job in FCG's office. He also never applied for a secretarial or salesperson position. Barrett admits that he is not qualified to work in a secretarial position but believes he could be trained to perform the work. [Undisputed fact and Dep. p. 70]. Barrett's failure to apply for any position results in the defeat of his discriminatory failure to promote claim. Because he failed to apply for any position, Barrett is unable to establish a prima facie failure to promote and Defendants are also entitled to summary judgment on this claim.

B.    Hostile Work Environment Claim

A hostile environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1194 (8th Cir. 2006). To establish a prima facie hostile work environment claim, a plaintiff must prove: (1) that he is a member of a protected group; (2) the

occurrence of unwelcome harassment; (3) a causal nexus between the harassment and his membership in the protected group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Anda v. Wickes Furniture Co., Inc.*, 517 F.3d 526, *531-32 (8th Cir. 2008); *Green*, 459 F.3d at *910; *Turner v. Gonzales*, 421 F.3d 688, *695 (8th Cir. 2005). The underlying wrongful conduct must be sufficient to create a hostile environment, both as it would be viewed objectively by a reasonable person ad as it was actually viewed subjectively by the victim. *Green*, 459 F.3d at *911; *Turner*, 421 F.3d at *695. A working environment dominated by racial slurs constitutes a hostile work environment. *See Green*, 459 F.3d at *911. If the comments are sporadic or casual, they are unlikely to establish a hostile work environment claim. *Id*. Frequency of harassment is a factor, but even infrequent conduct can be severe enough to be actionable. *Id*.

Barrett's deposition testimony reveals that he believed Tony Cummings spoke to him rudely and that he did not feel comfortable when Cummings questioned him about the drugs found in the parking lot [Dep. p. 75]. Merely rude or unpleasant conduct does not create actionable harassment. *Williams v. ConAgra Poultry Co.*, 378 F.3d 790, *795 (8th Cir. 2004). In his affidavit testimony, Barrett states that Cummings and Wayne Davis harassed and threatened him [Paragraph 4]. Barrett's affidavit testimony offers only conclusory statements and it is well settled that a conclusory statement in an affidavit cannot create a genuine issue of material fact which precludes summary judgment. *Miller v. Citizens Sec. Group, Inc.*, 116 F.3d 343, *346 (8th Cir. 1997).

Individual Immunity under 42 U.S. C. § 1981

There are no Eighth Circuit Court of Appeal decisions addressing individual liability on

claims under section 1981. *See Habben v. City of Fort Dodge*, 472 F.Supp.2d 1142, *1155 (N.D. Iowa 2007); *Payne v. Peter Kiewit Sons', Inc.*, No. 8:06CV686 (D. Neb. Apr. 5, 2007) (order). An individual may be held liable under section 1981, regardless of whether that individual's employer is subject to liability. *Brooks v. Linn Mar Cmty. Sch. Dist.*, No. C95-0395 (N.D. Iowa July 1, 1997). If individuals are personally involved in the discrimination against a plaintiff, and if they intentionally caused an employer to infringe on a plaintiff's section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable. *Id.*

Barrett seeks to hold Allen and David Cohn individually liable under section 1981; however, he had little contact with Allen and David Cohn [Dep. p. 61]. He would speak to them when they walked by but he never had a conversation with them [Dep. p. 61].

Barrett fails to put forth any evidence showing that Allen and David Cohn personally discriminated against him. He, therefore, cannot establish liability against them under section 1981. There are no genuine issues of material fact in relationship to this claim and Defendants are entitled to summary judgment.

C.     Arkansas Labor Law

Lastly, Barrett alleges that the FCG violated Arkansas minimum wage and overtime law. Defendants point out that Barrett fails to provide evidence to support this claim. Defendants are correct, Barrett fails to offer specific facts opposing the motion for summary judgment on this issue. Therefore, the Defendants are entitled to summary judgment on this claim as a matter of law.

*IV.  CONCLUSION*

After viewing the evidence in a light most favorable to Barrett, there are no genuine issues of material fact supporting his claims against Defendants and Defendants are entitled to summary

judgment as a matter of law. Therefore, Defendants' motion for summary judgment is granted as to Barrett's claims and Barrett's claims are dismissed with prejudice.

IT IS SO ORDERED this  9th  of June, 2008.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE