IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES, et al.                               PLAINTIFFS

v.                    CASE NO.: 4:06cv00944 BSM

FORREST CITY GROCERY INC., et al.                              DEFENDANTS

ORDER

Pending before this court is Defendants' Motion for Summary Judgment on the Claims of Jason Boyd [Doc. # 191] and Plaintiffs' response [Doc. # 252]. This is the sixth of fourteen pending motions for summary judgment in this case. For the reasons stated below, the motion is granted.

*I. BACKGROUND*

Defendant Forrest City Grocery (FCG) is a grocery wholesaler located in Forrest City, Arkansas, that delivers bulk goods to retailers in Arkansas, Mississippi, Tennessee, and Missouri. FCG is owned and operated by Allen and David Cohn. Tony Cummings is FCG's warehouse manager. FCG employs roughly 200 employees, of which 148 are African-American. FCG's workforce includes thirteen supervisor of which seven are African-American.

On August 8, 2006, nine former FCG employees filed suit pursuant to 42 U.S.C. § 1981, alleging that FCG and its agents engaged in racially hostile practices and procedures, subjected African-American employees to a racially hostile work environment, and engaged in racially biased hiring procedures. They also sought class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The nine original plaintiffs are: Patrick Spearman, Kip Rucker, Will Green, Sidney Parchman, Charles Rogers, Washington Lamont Jones, William Ware, Michael Ward, and Lamar Cole. Through a series of amended complaints, sixteen additional plaintiffs were added:

Eric George, Brandon Barrett, Eric Brandon, Lester Brooks, Cara Lattimore, Gregory Moore, Isuoma Shine, Lee Dillard, Jason Boyd, Vanessa Isom, Jimmie Kidd, Robert Glasper, Eric Foster, Tommy Howard, Patrick Stevenson, and Clyde Givans.  The Plaintiffs are all African-American.  In a June 12, 2007 order, it was found that the Plaintiffs were not entitled to class certification.  On May 21, 2008, upon Defendants' motion, Plaintiffs Clyde Givans and Gregory Moore were dismissed.

Defendants have now moved for summary judgment on the claims of Plaintiff Jason Boyd. Boyd is a 2002 graduate of the University of Arkansas at Pine Bluff.  He has a degree in agricultural business [Undisputed facts paragraph 1].  During college, Boyd worked as a soil conservation intern with the United States Department of Agriculture [Undisputed facts paragraph 3].  After college, he worked for Jackson-Hewitt Tax Service during tax season and he enrolled in barber college [Undisputed facts paragraphs 3 & 4]. Boyd has a felony conviction for possession of marijuana with intent to distribute [Undisputed facts paragraph 11].

On September 15, 2006, Boyd applied for a position in FCG's warehouse [Boyd affidavit paragraph 1 and depo. p. 34].  While he was filling out the application, Tony Cummings, asked Boyd if he was related to an African-American family with the same last name that has a reputation for being involved in criminal activity [Undisputed facts paragraphs 6 & 9]. Boyd informed Cummings that he was not related to that specific family [Contested facts paragraph 6].  Cummings told Boyd that Boyd was qualified for the job but, because of Boyd's last name, he was unsure as to whether he could offer Boyd the job [Undisputed facts paragraph 7].  The next day, Cummings informed Boyd that, because FCG was unable to clarify Boyd's relationship to the Boyd family, Boyd would not be hired [Undisputed facts paragraphs 15 & 17; Boyd affidavit paragraph 5].

Boyd alleges that FCG racially discriminated against him when it failed to hire him.

Defendants assert that, because Boyd cannot establish that he was discriminated against, they are entitled to summary judgment. They also assert that defendants Allen Cohn and David Cohn are not individually liable under section 1981 and summary judgment should be entered in their favor.

## II. STANDARD FOR SUMMARY JUDGMENT

When considering motions for summary judgment, this court views the evidence in a light most favorable to the nonmoving party and gives that party the benefit of all inferences that might reasonably be drawn. *See Buboltz v. Residential Advantages, Inc.*, 523 F.3d 864, *868 (8th Cir. 2008). Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Carrington v. City of Des Moines, Iowa*, 481 F.3d 1046, *1050 (8th Cir. 2007). To be a genuine issue of fact, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506 F.3d 1092, *1094 (8th Cir. 2007). To be a material fact, the factual issue must potentially affect the outcome of the suit under the governing law. *Id*.

The burden on the party moving for summary judgment is only to demonstrate, *i.e.*, to point out to the District Court that the record does not disclose a genuine dispute on a material fact. *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, *273 (8th Cir. 1988) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986)). It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out the movant's assertion. *Id*. Once the movant has carried its burden under Rule 56(c), the nonmoving party must do more than simply show that there is some metaphysical doubt as to the

material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, *587 (1986). In the language of the Rule, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Id*. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id*.

### III.  DISCUSSION

In support of their motion for summary judgment, Defendants submit Boyd's April 17, 2008 deposition testimony, and Declarations from Tony Cummings.[1]  In opposition to the motion for summary judgment, Boyd submits his affidavit testimony, portions of his April 17, 2008 deposition testimony, and affidavits from Donny Pierson and Dameon Jones.

A.      Discrimination Claim

In order to prevail on his discrimination claim, Boyd must demonstrate intentional discrimination. *King v. Hardesty*, 517 F.3d 1049, *1057 (8th Cir. 2008). Intentional discrimination may be shown by direct or indirect evidence. *Id*.  Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action. *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, *1034 (8th Cir. 2007); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, *933 (8th Cir. 2006).

Boyd was not hired because FCG was unable to determine whether Boyd was related to an African-American family with the same last name that was known for its criminal activity [Undisputed facts paragraphs 6, 9, 15, & 17]. Boyd fails to show that discriminatory animus was

---

[1]The Defendants also submit their deliver route sheets and the employee history for Patrick Spearman; however, these items are not relevant as to the present motion.

the motivation behind the decision not to hire him and is therefore unable to establish direct evidence of discrimination.

In the absence of direct evidence of discrimination, Boyd must make a prima facie case of intentional discrimination under the burden-shifting framework of *McDonnell-Douglas*. The *McDonnell-Douglas* burden-shifting framework applies to claims of race discrimination under section 1981. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1196 (8th Cir. 2006); *Harris v. Hays*, 452 F.3d 714, *717 (8th Cir. 2006). Under this framework, the plaintiff must establish by a preponderance of the evidence a prima facie case of discrimination. *Gordon*, 469 F.3d at *1196; *Ward v. Ark. State Police*, 714 F.2d 62, *64 (8th Cir. 1983). The burden of production then shifts to the employer to present a legitimate reason for the alleged nondiscriminatory act. *Gordon*, 469 F.3d at *1196; *Ward*, 714 F.2d at *64; *Locke v. Kansas City Power & Light Co.*, 660 F.2d 359, *365 (8th Cir. 1981). If the employer presents a legitimate reason, the burden shifts back to the plaintiff to establish that the asserted reason was merely pretext for a discriminatory act. *Gordon*, 469 F.3d at *1196; *Ward*, 714 F.2d at * 64; *Locke*, 660 F.2d at *365. A prima facie case of discrimination in a failure to hire context requires that the plaintiff show (1) he belongs to a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) he was rejected; and (4) the employer then hired a white employee to fill the open position. *Sherpell v. Humnoke Sch. Dist. No. 5 of Lonoke County, Ark.*, 874 F.2d 536, *539 (8th Cir. 1989); *Locke*, 660 F.2d at 365.

Defendants do not dispute that Boyd has established the first three elements of his prima facie case. They assert that Boyd's claim fails because he cannot establish that a white person was hired to fill the position. In his deposition testimony, Boyd states that he is unsure as to whether someone

else was hired to fill the position [Depo. p. 19]. He points out that FCG had a white female on its payroll by the name of Alice Boyd [Contested facts paragraph 7]. Boyd, however, fails to offer evidence establishing when Ms. Boyd was hired. Without more, Boyd is unable to establish the fourth element necessary for a finding of prima facie discrimination.

Even if Boyd had established a prima facie case of discrimination, he has not shown that FCG's non-discriminatory reason for failing to hire him is mere pretext. A plaintiff may make a sufficient showing of pretext by different means, including showing that an employer: (1) failed to follow its own policies; (2) treated similarly-situated employees in a disparate manner; and (3) made substantial changes over time in its proffered reason for an employment decision. *Arnold v. Nursing & Rehab. Ctr. at Good Shepherd, LLC.*, 471 F.3d 843, *847 (8th Cir. 2006). Regardless of the method employed to prove pretext, a plaintiff must demonstrate that a discriminatory animus lies behind the defendants' neutral explanations. *Id*. Even if an employer's decision is based upon a mistaken belief, the employee still must offer some evidence that racial animus was at the root of the decision. *See id*.

FCG's decision not to hire Boyd was based on its belief that Boyd was related to a family renown for its criminal activity. There is simply no evidence of racial animus behind this decision. Therefore, even if Boyd had established a prima facie case of discrimination, his claim would fail for lack of pretext.

Boyd has neither produced direct evidence that FCG's hiring decision was racially motivated nor has he produced evidence creating a prima facie case of discrimination. Therefore, a reasonable jury would not rule in his favor. For these reasons, the court finds that there are no genuine issues of material fact in dispute and that Defendants are entitled to summary judgment on Boyd's failure

to hire claim.

B.  <u>Individual Immunity under 42 U.S. C. § 1981</u>

There are no Eighth Circuit Court of Appeal decisions addressing individual liability on claims under section 1981. *See Habben v. City of Fort Dodge*, 472 F.Supp.2d 1142, *1155 (N.D. Iowa 2007); *Payne v. Peter Kiewit Sons', Inc.*, No. 8:06CV686 (D. Neb. Apr. 5, 2007) (order). An individual may be held liable under section 1981, regardless of whether that individual's employer is subject to liability. *Brooks v. Linn Mar Cmty. Sch. Dist.*, No. C95-0395 (N.D. Iowa July 1, 1997). If individuals are personally involved in the discrimination against a plaintiff, and if they intentionally caused an employer to infringe on a plaintiff's section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable. *Id.*

Boyd seeks to hold Allen and David Cohn individually liable under section 1981; however, he fails to put forth any evidence showing that Allen and David Cohn personally discriminated against him. He, therefore, cannot establish liability against them under section 1981. There are no genuine issues of material fact in relationship to this claim and Defendants are entitled to summary judgment.

### *IV. CONCLUSION*

After viewing the evidence in a light most favorable to Boyd, there are no genuine issues of fact in dispute and Defendants are entitled to summary judgment as a matter of law. Accordingly, the motion for summary judgment is granted and Boyd's claims are dismissed with prejudice.

IT IS SO ORDERED this 10th of June, 2008.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE