IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES, et al.                                PLAINTIFFS

v.                    CASE NO.: 4:06cv00944 BSM

FORREST CITY GROCERY INC., et al.                              DEFENDANTS

ORDER

Pending before this court is Defendants' Motion for Summary Judgment on the Claims of Patrick Spearman [Doc. # 206] and Plaintiffs' response [Doc. # 264]. This is the ninth of fourteen pending motions for summary judgments. For the reasons stated below, the motion is granted in part and denied in part.

*I. BACKGROUND*

Defendant Forrest City Grocery (FCG) is a grocery wholesaler located in Forrest City, Arkansas, that delivers bulk goods to retailers in Arkansas, Mississippi, Tennessee, and Missouri. FCG is owned and operated by Allen and David Cohn. Tony Cummings is FCG's warehouse manager. FCG employs roughly 200 employees, of which 148 are African-American. FCG's workforce includes thirteen supervisor of which seven are African-American.

On August 8, 2006, nine former FCG employees filed suit pursuant to 42 U.S.C. § 1981, alleging that FCG and its agents engaged in racially hostile practices and procedures, subjected African-American employees to a racially hostile work environment, and engaged in racially biased hiring procedures. They also sought class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The nine original plaintiffs are: Patrick Spearman, Kip Rucker, Will Green, Sidney Parchman, Charles Rogers, Washington Lamont Jones, William Ware, Michael Ward,

and Lamar Cole. Through a series of amended complaints, sixteen additional plaintiffs were added: Eric George, Brandon Barrett, Eric Brandon, Lester Brooks, Cara Lattimore, Gregory Moore, Isuoma Shine, Lee Dillard, Jason Boyd, Vanessa Isom, Jimmie Kidd, Robert Glasper, Eric Foster, Tommy Howard, Patrick Stevenson, and Clyde Givans. The Plaintiffs are all African-American. In a June 12, 2007 order, it was found that the Plaintiffs were not entitled to class certification. On May 21, 2008, upon Defendants' motion, Plaintiffs Clyde Givans and Gregory Moore were dismissed.

Defendants have now moved for summary judgment on the claims of Plaintiff Patrick Spearman. Spearman began working for FCG in 1996 and was fired that same year [Undisputed facts paragraph 1 and Depo. p. 26]. Sometime in January 2005, Spearman was rehired by FCG [Undisputed facts paragraph 1]. He worked as a stocker in the warehouse and his immediate supervisor was John Williams [Undisputed facts paragraphs 2 & 3]. Approximately ten months after being rehired, Spearman was terminated by Williams when he missed work to attend a job interview [Undisputed facts paragraph 8].

Spearman now claims that FCG racially discriminated against him when he was terminated and failed to give him a raise. In addition to his discrimination claim, Spearman also alleges that: (1) FCG engaged in racially discriminatory practices and procedures[1]; (2) FCG engaged in racially biased hiring practices; and (3) FCG subjected him to a racially hostile work environment. Defendants have moved for summary judgment on all of Spearman's claims.

## II. STANDARD FOR SUMMARY JUDGMENT

When considering motions for summary judgment, this court views the evidence in a light

---

[1] Defendants filed a separate motion for summary judgment on the pattern and practice claims. On June 9, 2008, an order was issued granting the motion.

most favorable to the nonmoving party and gives that party the benefit of all inferences that might reasonably be drawn. *See Buboltz v. Residential Advantages, Inc.*, 523 F.3d 864, *868 (8th Cir. 2008). Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Carrington v. City of Des Moines, Iowa*, 481 F.3d 1046, *1050 (8th Cir. 2007). To be a genuine issue of fact, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506 F.3d 1092, *1094 (8th Cir. 2007). To be a material fact, the factual issue must potentially affect the outcome of the suit under the governing law. *Id*.

The burden on the party moving for summary judgment is to demonstrate that the record contains no issues of genuine dispute as to any material facts. *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, *273 (8th Cir. 1988) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986)). It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out the movant's assertion. *Id*. Once the movant has carried its burden under Rule 56(c), the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, *587 (1986). In the language of the Rule, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Id*. Where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id*.

### III. DISCUSSION

In support of their motion for summary judgment, the Defendants submit Spearman's October 3, 2007 deposition testimony, and Declarations from Tony Cummings.[2] In opposition to the motion for summary judgment Spearman submits his affidavit testimony, a portion of his October 3, 2007 deposition testimony, and affidavits from Donny Pierson and Dameon Jones.

A.   Discrimination Claims

   1. Wrongful termination

A plaintiff raising claims of race discrimination may survive a motion for summary judgment either by proof of "direct evidence" of discrimination, or by creating the requisite inference of unlawful discrimination through the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.ct. 1817 (1973). *E.E.O.C. v. Trans State Airlines, Inc.*, 462 F.3d 987, *991 (8th Cir. 2006); *see Fields v. Shelter Mut. Ins. Co.*, __ F.3d __, 2008 WL 763017 (8th Cir. 2008); *King v. Hardesty*, 517 F.3d 1049, *1057 (8th Cir. 2008). Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action. *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, *1034 (8th Cir. 2007); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, *933 (8th Cir. 2006). Direct evidence does not include stray remarks in the workplace, statements by non-decision-makers, or statements by decision-makers unrelated to the decisional process itself. *Twymon*, 462 F.3d at *933; *King*, 517 F.3d at *1058.

---

[2]The Defendants also submit their deliver route sheets and the employee history for Patrick Spearman; however, these items are not relevant as to the present motion.

Spearman was terminated when he missed work to attend a job interview [Undisputed facts paragraph 8]. Spearman's supervisor believed Spearman had quit [Undisputed facts paragraph 8]. Spearman denies quitting [Undisputed facts paragraph 9]. He believes that race played a factor in his termination [Undisputed facts paragraph 11]. It is well-settled that a plaintiff's beliefs or feelings cannot create a triable issue of discrimination. *Harris v. Home Savings Ass'n*, 730 F.Supp. 298, *304 (W.D. Mo. 1989). Spearman, therefore, fails to produce any direct evidence of discrimination.

In the absence of direct evidence of discrimination, Spearman's claim will next be examined under the burden-shifting framework of *McDonnell-Douglas*. The *McDonnell-Douglas* burden-shifting framework applies to claims of race discrimination under section 1981. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1196 (8th Cir. 2006); *Harris v. Hays*, 452 F.3d 714, *717 (8th Cir. 2006). Under this framework, a plaintiff first must establish a prima facie case of discrimination; if a prima facie case is established, the burden of production shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged action; and if the defendant proffers such a reason, the burden shift back to the plaintiff to establish that the proffered reason is a mere pretext for discriminatory animus. *Harris*, 452 F.3d at *717-18. To establish a prima facie case of discriminatory discharge, Spearman must show that: (1) he belongs to a protected class; (2) he was meeting FCG's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Fields*, ___ F.3d at ___; *Shanklin v. Fitzgerald*, 397 F.3d 596, *602 (8th Cir. 2005).

Defendants do not dispute that Spearman is a member of a protected class, that he was meeting FCG's job expectations, and that he suffered an adverse employment action. Defendants argue that Spearman's claim fails because he has not met his burden of proving that similarly

situated persons outside the protected class were treated differently. To establish that a similarly-situated employee received more favorable treatment, the evidence must show that the similarly-situated employee dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances. *E.E.O.C. v. Trans-State Airlines*, 462 F.3d at *993; *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, *913 (8th Cir. 2006).

Spearman fails to offer any evidence tending to show that white employees who missed work to attend interviews were not fired by FCG. In the absence of evidence showing that similarly situated employees outside the protected class were treated differently, Spearman fails to establish a prima facie case of discrimination.

Even if Spearman had established a prima facie case of discrimination, FCG offers a legitimate reason for Spearman's termination and Spearman is unable to prove that FCG's stated reason is mere pretext for discriminatory animus. A plaintiff may make a sufficient showing of pretext by different means, including showing that an employer: (1) failed to follow its own policies; (2) treated similarly-situated employees in a disparate manner; and (3) made substantial changes over time in its proffered reason for an employment decision. *Arnold v. Nursing & Rehab. Ctr. at Good Shepherd, LLC.*, 471 F.3d 843, *847 (8th Cir. 2006). Regardless of the method employed to prove pretext, a plaintiff must demonstrate that a discriminatory animus lies behind the defendant's neutral explanations. *Id.*

Spearman fails to offer any evidence tending to suggest that racial animus was behind the decision to terminate him. Therefore, even if Spearman had established a prima facie case of discrimination, his claim would fail for lack of pretext.

Spearman has failed to produce direct evidence that his termination was the result of discrimination. He has also failed to produce evidence creating an inference of discrimination. Therefore, a reasonable jury would not rule in his favor. For these reasons, the court finds that there are no genuine issues of material fact and that Defendants are entitled to summary judgment on Spearman's wrongful termination claim.

2. Failure to Give a Raise Claim

Spearman also alleges that FCG discriminated against him when it failed to give him a thirty-cents raise. In his deposition testimony, Spearman states that he learned from his supervisor that the employees were to receive a thirty-cents raise [Depo. pp. 50-51]. Spearman admits that he never asked his coworkers about their earnings [Depo. p. 49]. The only proof he had of not receiving the raise was that he told his supervisor that he had not received the raise and his supervisor said that he would look into it [Depo. p. 51]. FCG submits that Spearman in fact received a fifty-cents raise three months after he was rehired in 2005 [Declarations of Tony Cummings paragraph 11]. After viewing this evidence in a light most favorable to Spearman, this court finds that Spearman fails to establish that race played a factor in the decision not to give him a raise. Accordingly, this court finds that there are no issues of material fact in regards to the decision not to give Spearman a raise.

3. Failure to Promote Claim

To establish a prima facie case of racial discrimination in a failure to promote claim, a plaintiff must show: (1) he is a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) he was rejected; and (4) similarly situated employees, not part of the protected group were promoted instead. *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, *937 (8th Cir. 2007); *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, *1007 (8th Cir. 2005). To establish

a prima facie failure to promote claim, a plaintiff ordinarily must show he or she applied for the promotion and was rejected or that he or she made every reasonable attempt to convey his or her interest in the job to the employer. *McClure v. Career Sys. Dev. Corp.*, 447 F.3d 1133, *1135 (8th Cir. 2006); *Allen*, 475 F.3d at *937. If a prima facie case is established, the burden of production shifts to the employer, who must rebut the presumption of discrimination with evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. *Allen*, 475 F.3d at *937. A plaintiff may nonetheless prevail by presenting credible evidence that the employer's stated reasons are pretextual. *Id*.

Spearman is skilled in the culinary arts, remodeling, and working in slaughterhouses [Undisputed facts paragraph 15 and depo. p. 10]. While employed at FCG, he never applied for a position in FCG's office [Undisputed facts paragraph 15 and depo. p. 59]. He does not consider himself qualified to work in FCG's office [Depo. p. 59]. Spearman is unable to establish a prima facie failure to promote. He fails to demonstrate that he was qualified for a position in FCG's office, that he applied for a position in FCG's office, and that he was rejected. In the absence of such a demonstration, there are no issues of material fact and Defendants are also entitled to summary judgment on Spearman's failure to promote claim.

B.     Hostile Work Environment Claim

The question of whether an environment is sufficiently hostile to be actionable is a legal question, and, like any legal question, is a matter for the court to decide. *Jackson v. Flint Ink North Am. Corp.*, 382 F.3d 869, *869 (8th Cir. 2004). A hostile environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working

environment. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1194 (8th Cir. 2006). To establish a prima facie hostile work environment claim, a plaintiff must prove: (1) that he is a member of a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and his membership in the protected group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Anda v. Wickes Furniture Co., Inc.*, 517 F.3d 526, *531-32 (8th Cir. 2008); *Green*, 459 F.3d at *910; *Turner v. Gonzales*, 421 F.3d 688, *695 (8th Cir. 2005). The underlying wrongful conduct must be sufficient to create a hostile environment, both as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim. *Green*, 459 F.3d at *911; *Turner*, 421 F.3d at *695. A working environment dominated by racial slurs constitutes a hostile work environment. *See Green*, 459 F.3d at *911. If the comments are sporadic or casual, they are unlikely to establish a hostile work environment claim. *Id*. Frequency of harassment is a factor, but even infrequent conduct can be severe enough to be actionable. *Id*.

In his affidavit, Spearman states that on several occasions he heard profanity and vulgar language used toward FCG's African-American employees [Affidavit paragraph 11]. It was normal for African-Americans to be called "nigger" or "black ass" [Depo. p. 7]. On one occasion, Spearman was asked by the father of Defendants Allen and David Cohn to take some copier paper into the office and Spearman agreed to perform the task [Undisputed facts paragraph 5]. When Spearman failed to immediately perform the task, the elder Cohn stated to Spearman "I want it done now. It's your black ass if you don't do it now. You can either do it or you can leave the company" [Undisputed facts paragraph 5]. On another occasion, Tony Cummings used profanity toward

9

Spearman and spoke to him in a derogatory manner, when a pallet broke that Spearman was loading [Contested facts paragraph 4 and affidavit paragraph 6]. Spearman also states that on several occasions, Cummings told him "that if you don't like it, you can get your black-ass out" and that Cummings often referred to African-American men as "boy" [Contested facts paragraph 3].

Dameon Jones testified that he once heard Randy Booker, a white supervisor, state "back in the day a nigger couldn't buy me nothing" [Jones affidavit paragraph 12]. He also said that Ricky Hess, also a white supervisor, called him an old dog and he overheard Hess asking a white employee if the employee wanted "to see this dog do a trick?" [Affidavit paragraph 3]. When Jones implored Hess to stop, Hess replied "what do you mean do you want to use my rope to hang yourself?" [Affidavit paragraph 3].

The Supreme Court has held that the word "boy" will not always be evidence of racial animus and that standing alone the word is not always benign. *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, *456, 126 S.Ct. 1195, *1197 (2006). To discern the meaning behind the word, various factors must be examined, including the context, the speaker's inflection, tone of voice, local custom, and historical usage. *Id*. Given the state of the record before the court, the court finds that a reasonable jury could find that, in this case, the term "boy" signified racial animus.

For the reasons set forth above, the court finds that there is a genuine issue of material fact in dispute concerning whether Spearman was subjected to a racially hostile work environment. Therefore, Defendants' motion for summary judgment on Spearman's hostile environment claim is denied.

C.      <u>Individual Immunity under 42 U.S. C. § 1981</u>

There are no Eighth Circuit Court of Appeal decisions addressing individual liability on

claims under section 1981. *See Habben v. City of Fort Dodge*, 472 F.Supp.2d 1142, *1155 (N.D. Iowa 2007); *Payne v. Peter Kiewit Sons', Inc.*, No. 8:06CV686 (D. Neb. Apr. 5, 2007) (order). An individual may be held liable under section 1981, regardless of whether that individual's employer is subject to liability. *Brooks v. Linn Mar Cmty. Sch. Dist.*, No. C95-0395 (N.D. Iowa July 1, 1997). If individuals are personally involved in the discrimination against a plaintiff, and if they intentionally caused an employer to infringe on a plaintiff's section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable. *Id*.

Spearman seeks to hold Allen and David Cohn individually liable under section 1981. Although the Cohns never spoke to Spearman in a derogatory manner [Depo. p. 68], the record indicates that they permitted their father to verbally abuse FCG's employees by using racially hostile language. This suggests that, to the extent that FCG's employees were subjected to a racially hostile work environment, Allen and David Cohn authorized it. Therefore, a genuine issue of fact exists as to the Cohns' liability under section 1981.

## IV. CONCLUSION

After viewing the evidence in a light most favorable to Spearman, there are no genuine issues of fact in dispute as to Spearman's claims of racial discrimination in the decision to fire him, the failure to give him a raise, and the failure to promote him. There are, however, genuine issues of material fact in dispute as to Spearman's hostile work environment claim and his Section 1981 claims against Defendants Allen and David Cohn. Accordingly, the Defendants' motion for summary judgment is granted as to Spearman's racial discrimination claims regarding termination, failure to give a pay raise, and failure to promote, and these claims are dismissed with prejudice. Defendants' motion for summary judgment as to the remaining claims is denied.

IT IS SO ORDERED this 10th    of June, 2008.

_____
UNITED STATES DISTRICT JUDGE