IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES, et al.                                    PLAINTIFFS

v.                      CASE NO.: 4:06cv00944 BSM

FORREST CITY GROCERY INC., et al.                                  DEFENDANTS

ORDER

Pending before this court is Defendants' Motion for Summary Judgment on the Claims of Eric Brandon [Doc. # 186] and Plaintiffs' response [Doc. # 254]. This is the twelfth of fourteen pending motions for summary judgment in this case. For the reasons stated below the motion should be granted.

*I. BACKGROUND*

Defendant Forrest City Grocery (FCG) is a grocery wholesaler located in Forrest City, Arkansas, that delivers bulk goods to retailers in Arkansas, Mississippi, Tennessee, and Missouri. FCG is owned and operated by Allen and David Cohn. Tony Cummings is FCG's warehouse manager. FCG employs roughly 200 employees, of which 148 are African-American. FCG's workforce includes thirteen supervisor of which seven are African-American.

On August 8, 2006, nine former FCG employees filed suit pursuant to 42 U.S.C. § 1981, alleging that FCG and its agents engaged in racially hostile practices and procedures, subjected African-American employees to a racially hostile work environment, and engaged in racially biased hiring procedures. They also sought class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The nine original plaintiffs are: Patrick Spearman, Kip Rucker, Will Green, Sidney Parchman, Charles Rogers, Washington Lamont Jones, William Ware, Michael Ward,

and Lamar Cole. Through a series of amended complaints, sixteen additional plaintiffs were added: Eric George, Brandon Barrett, Eric Brandon, Lester Brooks, Cara Lattimore, Gregory Moore, Isuoma Shine, Lee Dillard, Jason Boyd, Vanessa Isom, Jimmie Kidd, Robert Glasper, Eric Foster, Tommy Howard, Patrick Stevenson, and Clyde Givans. The Plaintiffs are all African-American. In a June 12, 2007 order, it was found that the Plaintiffs were not entitled to class certification. On May 21, 2008, upon Defendants' motion, Plaintiffs Clyde Givans and Gregory Moore were dismissed.

Defendants have now moved for summary judgment on the claims of Plaintiff Eric Brandon. On March 9, 2005, Brandon was hired as an order puller at FCG. [undisputed facts paragraph 2] As part of his job, he was required to pull 150 pieces per hours. [undisputed facts paragraph 4] While employed at FCG, Brandon was written up for performance deficiencies which included unscheduled absences, failure to meet production goals, bothering his female coworkers, and excessive talking. [undisputed facts paragraph 6] On March 9, 2006, Brandon received a final warning and on March 14, 2006, he was called into Tony Cummings office to discuss why his production numbers were down. [undisputed facts paragraphs 7 & 8] Brandon stated that his production numbers were down because he had to perform other duties. [undisputed facts paragraph 8] During the conversation with Cummings, Brandon told Cummings he was not going to sit there and let them blame him for the drop in production. [undisputed facts paragraph 8] In response, Cummings told Brandon he was no longer needed. [undisputed facts paragraph 8] Brandon was terminated on March 15, 2006. [affidavit paragraph 1]

Brandon claims that he was wrongfully discriminated against by FCG when he was terminated and when FCG failed to promote him. Brandon also claims that FCG engages in racially

discriminatory practices and procedures,[1] subjected him to a hostile work environment, and that defendants Allen and David Cohn are individually liable under section 1981. Defendants have moved for summary judgment on all of Brandon's claims.

## II. STANDARD FOR SUMMARY JUDGMENT

When considering motions for summary judgment, this court views the evidence in a light most favorable to the nonmoving party and gives that party the benefit of all inferences that might reasonably be drawn. *See Buboltz v. Residential Advantages, Inc.*, 523 F.3d 864, *868 (8th Cir. 2008). Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Carrington v. City of Des Moines, Iowa*, 481 F.3d 1046, *1050 (8th Cir. 2007). To be a genuine issue of fact, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506 F.3d 1092, *1094 (8th Cir. 2007). To be a material fact, the factual issue must potentially affect the outcome of the suit under the governing law. *Id*.

The burden on the party moving for summary judgment is only to demonstrate to the District Court that the record does not disclose a genuine dispute as to any material fact. *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, *273 (8th Cir. 1988) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986)). It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which

---

[1] Defendants filed a separate motion for summary judgment on the pattern and practice claims. On June 9, 2008, an order was issued granting the motion.

bears out the movant's assertion. *Id*. Once the movant has carried its burden under Rule 56(c), the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, *587 (1986). In the language of the Rule, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Id*. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id*.

### III. DISCUSSION

In support of their motion for summary judgment, Defendants submit Brandon's October 2, 2007 deposition testimony, and the Declarations from Tony Cummings.[2] In opposition to the motion for summary judgment, Brandon submits his affidavit testimony, his drug test results, a portion of his October 2, 2007 deposition testimony, and affidavits from Donny Pierson and Dameon Jones.

A.  <u>Wrongful Termination Claim</u>

A plaintiff raising claims of race discrimination may survive a motion for summary judgment either by proof of "direct evidence" of discrimination, or by creating the requisite inference of unlawful discrimination through the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.ct. 1817 (1973). *E.E.O.C. v. Trans State Airlines, Inc.*, 462 F.3d 987, *991 (8th Cir. 2006); *see Fields v. Shelter Mut. Ins. Co.*, __ F.3d __, 2008 WL 763017 (8th Cir. 2008); *King v. Hardesty*, 517 F.3d 1049, *1057 (8th Cir. 2008). Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion

---

[2]The Defendants also submit their deliver route sheets and the employee history for Patrick Spearman; however, these items are not relevant as to the present motion.

actually motivated the adverse employment action. *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, *1034 (8th Cir. 2007); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, *933 (8th Cir. 2006). Direct evidence does not include stray remarks in the workplace, statements by non-decision-makers, or statements by decision-makers unrelated to the decisional process itself. *Twymon*, 462 F.3d at *933; *King*, 517 F.3d at *1058.

Brandon offers no direct evidence of discrimination, so his claim will be analyzed under the burden-shifting framework of *McDonnell-Douglas*. The *McDonnell-Douglas* burden-shifting framework applies to claims of race discrimination under section 1981. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1196 (8th Cir. 2006); *Harris v. Hays*, 452 F.3d 714, *717 (8th Cir. 2006). Under this framework, a plaintiff first must establish a prima facie case of discrimination; if a prima facie case is established, the burden of production shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged action; and if the defendant proffers such a reason, the burden shift back to the plaintiff to establish that the proffered reason is a mere pretext for discriminatory animus. *Harris*, 452 F.3d at *717-18. To establish a prima facie case of discriminatory discharge, Brandon must show that: (1) he belongs to a protected class; (2) he was meeting FCG's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Fields*, __ F.3d at __; *Shanklin v. Fitzgerald*, 397 F.3d 596, *602 (8th Cir. 2005).

For purposes of summary judgment, Defendants do not dispute that Brandon is a member of a protected class, that he met the minimum qualifications for the job, and that he suffered an adverse employment action. Defendants point out that Brandon fails to met his burden of proving that similarly situated persons outside the protected class were treated differently. To establish that a

5

similarly-situated employee received more favorable treatment, the evidence must show that the similarly-situated employee dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances. *E.E.O.C. v. Trans-State Airlines*, 462 F.3d at *993; *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, *913 (8th Cir. 2006).

Brandon believes that he was treated differently from his white coworkers. [undisputed facts paragraph 10] He identified Lou Lynn Taylor, Butch, and Melanie as individuals treated differently. [undisputed facts paragraph 10] He fails, however, to present evidence showing that the other employees had low production numbers. He admits that he never saw the production numbers of his coworkers and that he does not know if any of his coworkers were ever fired due to low production numbers. [undisputed facts paragraph 11] Without evidence of the production numbers, this court is unable to find that the persons identified by Brandon were similarly situated. Therefore, Brandon is unable to establish a prima facie case of discrimination and there are no genuine issues of material fact.

Even if Brandon had established a prima facie case of discrimination, FCG had a legitimate reason for terminating Brandon and he is unable to prove that FCG's reason for his termination is mere pretext for discriminatory animus. Brandon failed to produce either direct evidence of discrimination or evidence establishing prima facie discrimination. For these reasons, a reasonable jury would not ruling in his favor. Consequently, the court finds that there are no genuine issues of material fact in dispute regarding Brandon's wrongful termination claim and that Defendants are entitled to summary judgment.

B.     Failure to Promote Claim

To establish a prima facie case of racial discrimination in a failure to promote claim, a plaintiff must show: (1) he is a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) eh was rejected; and (4) similarly situated employees, not part of the protected group were promoted instead. *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, *937 (8th Cir. 2007); *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, *1007 (8th Cir. 2005). To establish a prima facie failure to promote claim, a plaintiff ordinarily must show he or she applied for the promotion and was rejected or that he or she made every reasonable attempt to convey his or her interest in the job to the employer. *McClure v. Career Sys. Dev. Corp.*, 447 F.3d 1133, *1135 (8th Cir. 2006); *Allen*, 475 F.3d at *937. If a prima facie case is established, the burden of production shifts to the employer, who must rebut the presumption of discrimination with evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. *Allen*, 475 F.3d at *937. A plaintiff may nonetheless prevail by presenting credible evidence the employer's stated reasons are pretextual. *Id*.

Brandon is a 1997 graduate of Forrest City High School. [undisputed fact paragraph 1] Prior to coming to work at FCG, Brandon had experience working for McDonald's and a meat processing plant, operating a forklift, and working as a janitor, a hotel night clerk, and a developmental technician. Nothing in the record indicates that he was qualified for a position in FCG's office or that he applied for a position in FCG's office but was rejected. In the absence of such aevidence, there are no issues of material fact in dispute as to this claim, and Defendants are entitled to summary judgment on Brandon's failure to promote claim.

C.      <u>Hostile Work Environment Claim</u>

A hostile environment exists when the workplace is permeated with discriminatory

intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1194 (8th Cir. 2006). To establish a prima facie hostile work environment claim, a plaintiff must prove: (1) that he is a member of a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and his membership in the protected group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Anda v. Wickes Furniture Co., Inc.*, 517 F.3d 526, *531-32 (8th Cir. 2008); *Green*, 459 F.3d at *910; *Turner v. Gonzales*, 421 F.3d 688, *695 (8th Cir. 2005). The underlying wrongful conduct must be sufficient to create a hostile environment, both as it would be viewed objectively by a reasonable person ad as it was actually viewed subjectively by the victim. *Green*, 459 F.3d at *911; *Turner*, 421 F.3d at *695. A working environment dominated by racial slurs constitutes a hostile work environment. *See Green*, 459 F.3d at *911. If the comments are sporadic or casual, they are unlikely to establish a hostile work environment claim. *Id*. Frequency of harassment is a factor, but even infrequent conduct can be severe enough to be actionable. *Id*.

Brandon has offered no proof in support of his hostile work environment claim. He does not recall hearing any racial slurs [undisputed facts paragraph 10] and cannot recall hearing anyone use racial language to refer to any of the employees. [depo p. 33]. In that Brandon failed to offer any evidence tending to show racial animus, he has failed to establish that he was subjected to a hostile work environment. Defendants are, therefore, entitled to summary judgment on this issue.

D.      Individual Immunity under 42 U.S. C. § 1981

There are no Eighth Circuit Court of Appeal decisions addressing individual liability on claims under section 1981. *See Habben v. City of Fort Dodge*, 472 F.Supp.2d 1142, *1155 (N.D. Iowa 2007); *Payne v. Peter Kiewit Sons', Inc.*, No. 8:06CV686 (D. Neb. Apr. 5, 2007) (order). An individual may be held liable under section 1981, regardless of whether that individual's employer is subject to liability. *Brooks v. Linn Mar Cmty. Sch. Dist.*, No. C95-0395 (N.D. Iowa July 1, 1997). If individuals are personally involved in the discrimination against a plaintiff, and if they intentionally caused an employer to infringe on a plaintiff's section 1981 rights, ro if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable. *Id*.

Brandon seeks to hold Allen and David Cohn individually liable under section 1981. Nothing in the record shows that Allen and David Cohn discriminated against Brandon. Indeed, Brandon had little interaction with Allen Cohn and he had no contact with David Cohn. [depo pp. 16-17] He, therefore, cannot establish liability against them under section 1981. For these reasons, there are no genuine issues of material fact regarding Brandon's 42 U.S.C. § 1981 claim and Defendants are entitled to summary judgment.

## IV.  CONCLUSION

After viewing the evidence in a light most favorable to Brandon, the court finds that there are no genuine issues of material fact in dispute as to any of Brandon claims and that Defendants are entitled to judgment as a matter of law. Summary judgment is therefore granted and Brandon's claims are dismissed with prejudice.

IT IS SO ORDERED this 11th day of June, 2008.

                                              UNITED STATES DISTRICT JUDGE