IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES, et al.                              PLAINTIFFS

v.                       CASE NO.: 4:06cv00944 BSM

FORREST CITY GROCERY INC., et al.                            DEFENDANTS

ORDER

Pending before this court is Defendants' Motion for Summary Judgment on the Claims of Jimmie Kidd [Doc. # 200] and Plaintiffs' response [Doc. # 234]. This is the thirteenth of fourteen pending motions for summary judgment in this case. For the reasons stated below the motion should be granted.

*I. BACKGROUND*

Defendant Forrest City Grocery (FCG) is a grocery wholesaler located in Forrest City, Arkansas, that delivers bulk goods to retailers in Arkansas, Mississippi, Tennessee, and Missouri. FCG is owned and operated by Allen and David Cohn. Tony Cummings is FCG's warehouse manager. FCG employs roughly 200 employees, of which 148 are African-American. FCG's workforce includes thirteen supervisor of which seven are African-American.

On August 8, 2006, nine former FCG employees filed suit pursuant to 42 U.S.C. § 1981, alleging that FCG and its agents engaged in racially hostile practices and procedures, subjected African-American employees to a racially hostile work environment, and engaged in racially biased hiring procedures. They also sought class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The nine original plaintiffs are: Patrick Spearman, Kip Rucker, Will Green, Sidney Parchman, Charles Rogers, Washington Lamont Jones, William Ware, Michael Ward,

and Lamar Cole. Through a series of amended complaints, sixteen additional plaintiffs were added: Eric George, Brandon Barrett, Eric Brandon, Lester Brooks, Cara Lattimore, Gregory Moore, Isuoma Shine, Lee Dillard, Jason Boyd, Vanessa Isom, Jimmie Kidd, Robert Glasper, Eric Foster, Tommy Howard, Patrick Stevenson, and Clyde Givans. The Plaintiffs are all African-American. In a June 12, 2007 order, it was found that the Plaintiffs were not entitled to class certification. On May 21, 2008, upon Defendants' motion, Plaintiffs Clyde Givans and Gregory Moore were dismissed.

Defendants have now moved for summary judgment on the claims of Plaintiff Jimmie Kidd. Kidd began working for FCG as a stocker in 1983. [undisputed facts ¶¶ 2 &4] Because Kidd's wife has cancer, he has missed a significant amount of work so that he could take his wife to receive medical treatment. [Kidd affidavit ¶ 2; contested facts ¶ 2; undisputed facts ¶ 6] Over a three year period, Kidd has arrived late for work or missed work at least twenty five times. [undisputed facts ¶ 7] Kidd's shift begins at 6 a.m. and he often calls in around 5:30 a.m. to report that he will miss work on that particular day. [undisputed facts ¶ 6; depo p. 26] Although Kidd has been warned about his absences, he has never been suspended and continues to work at FCG. [undisputed facts ¶ 8] He has been advised that he needs to provide advance notice when he needs to be off to take his wife to the doctor. [depo p. 60]

Kidd claims that he has been discriminated against in that he has been denied time off to take his wife to the doctor and that FCG allows white employees to take off all the time. He also claims that FCG engages in racially discriminatory patterns and practices[1] and that he was subjected to a hostile work environment. Defendants have moved for summary judgment on all of Kidd's claims

---

[1] Defendants filed a separate motion for summary judgment on the pattern and practice claims. On June 9, 2008, an order was issued granting the motion.

and assert that Defendants Allen and David Cohn should not be held individually liable under 42 U.S.C. § 1981.

## II.  STANDARD FOR SUMMARY JUDGMENT

When considering motions for summary judgment, this court views the evidence in a light most favorable to the nonmoving party and gives that party the benefit of all inferences that might reasonably be drawn.  *See Buboltz v. Residential Advantages, Inc.*, 523 F.3d 864, *868 (8th Cir. 2008).  Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Carrington v. City of Des Moines, Iowa*, 481 F.3d 1046, *1050 (8th Cir. 2007).  To be a genuine issue of fact, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party.  *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506 F.3d 1092, *1094 (8th Cir. 2007).  To be a material fact, the factual issue must potentially affect the outcome of the suit under the governing law.  *Id.*

The burden on the party moving for summary judgment is to demonstrate to the District Court that the record does not disclose a genuine dispute on any material fact.  *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, *273 (8th Cir. 1988) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986)).  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out the movant's assertion.  *Id*.  Once the movant has carried its burden under Rule 56(c), the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, *587 (1986).  In the language

of the Rule, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id.*

## III. DISCUSSION

In support of their motion for summary judgment the Defendants submit Kidd's March 19, 2008 deposition testimony, and Declarations from Tony Cummings.[2] In opposition to the motion for summary judgment Kidd submits his affidavit testimony, a portion of his March 19, 2008 deposition testimony, and affidavits from Donny Pierson and Dameon Jones.

A.  Discrimination Claim

A plaintiff raising claims of race discrimination may survive a motion for summary judgment either by proof of "direct evidence" of discrimination, or by creating the requisite inference of unlawful discrimination through the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.ct. 1817 (1973). *E.E.O.C. v. Trans State Airlines, Inc.*, 462 F.3d 987, *991 (8th Cir. 2006); *see Fields v. Shelter Mut. Ins. Co.*, __ F.3d __, 2008 WL 763017 (8th Cir. 2008); *King v. Hardesty*, 517 F.3d 1049, *1057 (8th Cir. 2008). Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action. *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, *1034 (8th Cir. 2007); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, *933 (8th Cir. 2006). Direct evidence does not include stray remarks in the workplace, statements by non-decision-makers,

---

[2] The Defendants also submit their deliver route sheets and the employee history for Patrick Spearman; however, these items are not relevant as to the present motion.

or statements by decision-makers unrelated to the decisional process itself. *Twymon*, 462 F.3d at *933; *King*, 517 F.3d at *1058.

Kidd presents no direct evidence of discrimination, so his claim will be analyzed under the burden-shifting framework of *McDonnell-Douglas*. The *McDonnell-Douglas* burden-shifting framework applies to claims of race discrimination under section 1981. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1196 (8th Cir. 2006); *Harris v. Hays*, 452 F.3d 714, *717 (8th Cir. 2006). Under this framework, a plaintiff first must establish a prima facie case of discrimination; if a prima facie case is established, the burden of production shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged action; and if the defendant proffers such a reason, the burden shift back to the plaintiff to establish that the proffered reason is a mere pretext for discriminatory animus. *Harris*, 452 F.3d at *717-18. To establish a prima facie case of discriminatory discharge, Kidd must show that: (1) he belongs to a protected class; (2) he was meeting FCG's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Fields*, __ F.3d at __; *Shanklin v. Fitzgerald*, 397 F.3d 596, *602 (8th Cir. 2005).

For purposes of summary judgment, Defendants do not dispute that Kidd is a member of a protected class and that he met the minimum qualifications for his job. They allege that Kidd has suffered no adverse employment action and, therefore, his disparate treatment claim should be dismissed as a matter of law. An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. *Brannum v. MO Dep't of Corrections*, 518 F.3d 542, *549 (8th Cir. 2008); *Clegg v. Ark. Dep't of Correction*, 496 F.3d 922, *926 (8th Cir. 2007). This might include termination, cuts in pay or benefits, and changes that affect

an employee's future career prospects, as well as circumstances amounting to a constructive discharge. *Brannum*, 518 F.3d at *549; *Clegg*, 496 F.3d at *926. Minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities do not rise to the level of an adverse employment action. *Brannum*, 518 F.3d at *549; *Clegg*, 496 F.3d at *926.

Kidd's discrimination claim is extremely close to being frivolous. FCG has taken no adverse employment action against Kidd, although he has been absent on numerous occasions. Kidd continues to work at FCG [undisputed facts ¶ 8] and he has never been suspended. [undisputed facts ¶ 6] FCG has merely advised him that he should provide more notice when he needs to be off work. [depo p. 60]

After viewing the record in a light most favorable to Kidd, the court finds that this is a clear case for summary judgment because Kidd has suffered no adverse action. He, therefore, cannot establish a prima facie case of discrimination and Defendants are entitled to summary judgment as a matter of law.

B.  Hostile Work Environment Claim

A hostile environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1194 (8th Cir. 2006). To establish a prima facie hostile work environment claim, a plaintiff must prove: (1) that he is a member of a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and his membership in the protected group; (4) that the harassment affected a term, condition, or privilege

of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Anda v. Wickes Furniture Co., Inc.*, 517 F.3d 526, *531-32 (8th Cir. 2008); *Green*, 459 F.3d at *910; *Turner v. Gonzales*, 421 F.3d 688, *695 (8th Cir. 2005). The underlying wrongful conduct must be sufficient to create a hostile environment, both as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim. *Green*, 459 F.3d at *911; *Turner*, 421 F.3d at *695. A working environment dominated by racial slurs constitutes a hostile work environment. *See Green*, 459 F.3d at *911. If the comments are sporadic or casual, they are unlikely to establish a hostile work environment claim. *Id*. Frequency of harassment is a factor, but even infrequent conduct can be severe enough to be actionable. *Id*.

Kidd believes that Tony Cummings has an attitude when he talks to African-American workers. [depo p. 19] It is well-settled that a plaintiff's beliefs or feelings cannot create a triable issue of discrimination. *Harris v. Home Savings Ass'n*, 730 F.Supp. 298, *304 (W.D. Mo. 1989). Kidd fails to proffer any evidence remotely suggesting that he was subjected to a hostile work environment. There are no genuine issues of material fact and the Defendants are entitled to summary judgment on this point.

C.    <u>Individual Immunity under 42 U.S. C. § 1981</u>

There are no Eighth Circuit Court of Appeal decisions addressing individual liability on claims under 42 U.S.C. § 1981. *See Habben v. City of Fort Dodge*, 472 F.Supp.2d 1142, *1155 (N.D. Iowa 2007); *Payne v. Peter Kiewit Sons', Inc.*, No. 8:06CV686 (D. Neb. Apr. 5, 2007) (order). An individual may be held liable under section 1981, regardless of whether that individual's employer is subject to liability. *Brooks v. Linn Mar Cmty. Sch. Dist.*, No. C95-0395 (N.D. Iowa July

1, 1997). If individuals are personally involved in the discrimination against a plaintiff, and if they intentionally caused an employer to infringe on a plaintiff's section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable. *Id*.

Defendants argue that Defendants David and Allen Cohn cannot be held individually liable under section 1981. The court agrees. Kidd admits that the Cohns never did anything discriminatory towards him. [undisputed facts ¶¶ 11 & 12; depo. P. 59] Kidd fails to put forth any evidence showing that Allen and David Cohn personally discriminated against him. Therefore liability against them under section 1981 cannot be established and Defendants are entitled to summary judgment.

## *IV  RECOMMENDED DISPOSITION*

After viewing the evidence in a light most favorable to Kidd, there are no genuine issues of fact and the Defendants are entitled to summary judgment as a matter of law. Therefore, Defendants' motion for summary judgment is granted and Kidd's claims are dismissed with prejudice.

IT IS SO ORDERED this 16th day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE