IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES, et al.                    PLAINTIFFS

v.                    CASE NO.: 4:06cv00944 BSM

FORREST CITY GROCERY INC., et al.                    DEFENDANTS


ORDER

Pending before this court is Defendants' Motion for Summary Judgment on the Claims of William Ware, Jerome Kidd, Lester Brooks, and Robert Glasper [Doc. # 177] and Plaintiffs' response [Doc. # 220].  This is the second of fourteen pending motions for summary judgment in this case.  For the reasons stated below the motion should be granted.

*I.  BACKGROUND*

Defendant Forrest City Grocery (FCG) is a grocery wholesaler located in Forrest City, Arkansas, that delivers bulk goods to retailers in Arkansas, Mississippi, Tennessee, and Missouri.  FCG is owned and operated by Allen and David Cohn.  FCG employs roughly 200 employees, of which 148 are African-American.  FCG's workforce includes thirteen supervisors of which seven are African-American.

On August 8, 2006, nine former FCG employees filed suit pursuant to 42 U.S.C. § 1981, alleging that FCG and its agents engaged in racially hostile practices and procedures, subjected African-American employees to a racially hostile work environment, and engaged in racially biased hiring procedures.  They also sought class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The nine original plaintiffs are: Patrick Spearman, Kip Rucker, Will Green, Sidney Parchman, Charles Rogers, Washington Lamont Jones, William Ware, Michael Ward,

and Lamar Cole.  Through a series of amended complaints, sixteen additional plaintiffs were added: Eric George, Brandon Barrett, Eric Brandon, Lester Brooks, Cara Lattimore, Gregory Moore, Isuoma Shine, Lee Dillard, Jason Boyd, Vanessa Isom, Jimmie Kidd, Robert Glasper, Eric Foster, Tommy Howard, Patrick Stevenson, and Clyde Givans.  The Plaintiffs are all African-American.  In a June 12, 2007 order, it was found that the Plaintiffs were not entitled to class certification.  On May 21, 2008, upon Defendants' motion, Plaintiffs Clyde Givans and Gregory Moore were dismissed.

Defendants have moved for summary judgment on the claims of Plaintiffs William Ware, Jerome Kidd, Lester Brooks, and Robert Glasper on the grounds that their claims are barred by the statute of limitations.

## II.  STANDARD FOR SUMMARY JUDGMENT

When considering motions for summary judgment, this court views the evidence in a light most favorable to the nonmoving party and gives that party the benefit of all inferences that might reasonably be drawn.  *See Buboltz v. Residential Advantages, Inc.*, 523 F.3d 864, *868 (8th Cir. 2008).  Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Carrington v. City of Des Moines, Iowa*, 481 F.3d 1046, *1050 (8th Cir. 2007).  To be a genuine issue of fact, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party.  *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506 F.3d 1092, *1094 (8th Cir. 2007).  To be a material fact, the factual issue must potentially affect the outcome of the suit under the governing law.  *Id*.

The burden on the party moving for summary judgment is only to demonstrate to the District

2

Court that the record does not disclose a genuine dispute as to any material fact. *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, *273 (8th Cir. 1988) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986)). It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out the movant's assertion. *Id*. Once the movant has carried its burden under Rule 56(c), the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, *587 (1986). In the language of the Rule, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Id*. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id*.

## III.  DISCUSSION

Title 28, section 1658 of the United States Code Annotated provides that unless otherwise provided by law, there is a four year limitations period for civil actions. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, *383, 124 S.Ct. 1836, **1845 (2004). The four year limitations period applies to the termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. *Jackson v. Homechoice, Inc.*, 368 F.3d 997, *999 (8th Cir. 2004). The Eighth Circuit Court of Appeals has held that this four year limitations period applies to claims alleging wrongful discharge, hostile work environment, and discriminatory pay practices. *See id*. However, under the continuing violation doctrine, if the acts complained of are part of the same unlawful employment practice, then all of the acts may be considered so long as one of the acts falls within the limitations period. *Mems v. City of St. Paul, Dep't of Fire & Safety Servs.*, 327 F.3d 771, *784 (8th Cir. 2003). The continuing violation doctrine does not encompass discrete

discriminatory acts. *Taxi Connection v. Dakota, Minn. & E. R.R. Corp.*, 513 F.3d 823, *825 (8th Cir. 2008). Discrete discriminatory acts are acts such as termination, failure to promote, denial of transfer, or refusal to hire. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, *114, 122 S.Ct. 2061, **2073 (2002). Each discrete act starts a new clock for filing charges alleging that act. *Id*. at 113, 122 S.Ct. at **2072.

A.     William Ware's Claims

Ware initially began working as a truck driver for FCG in 1988. [undisputed facts ¶ 1] Ware left his employment with FCG when he obtained another job. [undisputed facts ¶ 2] FCG, however, rehired Ware in June 1996. [undisputed facts ¶3; Ware depo p. 35] Ware was terminated in June 1997. [undisputed facts ¶ 4; Ware depo p. 39] He claims the following: (1) wrongful termination; (2) pay discrimination; (3) discriminatory patterns and practices[1]; and (4) failure to promote and hire. [Fourth Amended Complaint Count II]

Ware's wrongful termination and pay discrimination claims are subject to the four year statute of limitations. Because Ware was terminated in 1997 and his last check would have been delivered to him in the same year, the latest he could have brought his claims was 2001. Accordingly, his wrongful termination and pay discrimination claims are barred. Ware's failure to promote and hire claims are subject to a one year statute of limitations and were barred as of 1998. *See* Ark. Code Ann. § 16-123-107(c)(3) (Repl. 2006). Therefore, Defendants are entitled to summary judgment on all of Ware's claims.

B.     Jerome Kidd's Claims

Kidd was hired to work as a truck driver for FCG in 1992. [undisputed facts ¶ 1] He was

---

[1]The plaintiffs' patterns and practices claims were disposed of in a June 9, 2008 order.

terminated in September 2000. [undisputed facts ¶ 2] He claims the following: (1) wrongful termination; (2) pay discrimination; and (3) discriminatory patterns and practices. [Fourth Amended Complaint Count IX]

The limitations period for Kidd's wrongful termination and pay discrimination claims ran in 2004 and the present case was filed in August 2006. Defendants are therefore entitled to summary judgment as to Kidd's claims.

C.     Lester Brooks's Claims

Brooks began working for FCG as an order puller in the early 1980's. [undisputed facts ¶ 1] After two or three years he quit and moved to California. [undisputed facts ¶ 1; Brooks depo p. 11] When his California employer went out of business, Brooks returned to Arkansas and resumed working for FCG as a puller in 1989/1990. [undisputed facts ¶ 2; Brooks depo p. 12] Brooks was terminated in May/June 1997. [undisputed facts ¶3; Brooks depo p. 13] He claims the following: (1) wrongful termination;   (2) racially hostile environment; and (3) discriminatory patterns and practices. [Fourth Amended Complaint Count XI]

Brooks' wrongful termination claim was time barred as of May/June 2001 due to the four-year statute of limitation. Indeed, his hostile environment claim is also barred. Hostile environment claims are composed of a series of separate acts that collectively constitute one unlawful employment practice. *Morgan*, 536 U.S. at *117, 122 S.Ct. at **2074. The Supreme Court has held that a hostile environment claim will not be timed barred so long as acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period. *Id*. at *122, 122 S.Ct. at **2077. All of Brooks's claims fall outside the limitations period and Defendants are therefore entitled to summary judgment on all of Brooks's claims.

D.     Robert Glasper's Claims

From 2000-2001, Glasper worked as a helper at FCG. [Glasper affidavit ¶ 1] In late 2001, he applied for a position in the cigarette room. [Glasper affidavit ¶ 1] Although he made FCG aware of his desire to fill the position, he was never granted an interview. [Glasper affidavit ¶¶ 1 & 2] FCG hired three white employees. [Glasper affidavit ¶ 3] Glasper believes he was qualified for the position and that he was denied the position on account of his race. [Glasper affidavit ¶ 4] Sometime thereafter, Glasper was terminated. [undisputed facts ¶ 2] In 2004/2005, Glasper reapplied for employment with FCG. [undisputed facts ¶ 3; Glasper affidavit ¶ 5]   He recalls sitting in the lobby with two white applicants when he reapplied and that one of the white applicants named Eric came out and said that he had been hired. [Glasper depo p. 115] After hearing that Eric had been hired, Glasper completed his application and turned it in. [Glasper depo p. 115]  He believes he was not rehired because of his race. [undisputed facts ¶ 4] Glasper claims the following:   (1) pay discrimination;    (2) failure to hire and promote; and (3) discriminatory patterns and practices. [Fourth Amended Complaint Count XVIII]

After viewing the evidence in a light most favorable to Glasper, the court finds that his pay discrimination claim is time barred.  The court, however, finds that his failure to hire claim is not barred by the statute of limitations.  Despite this finding, the Defendants are entitled to summary judgment on Glasper's failure to hire claim.  A prima facie case of discrimination in a failure to hire context requires that the plaintiff show (1) he belongs to a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) he was rejected; and (4) the employer then hired a white employee to fill the open position. *Sherpell v. Humnoke Sch. Dist. No. 5 of Lonoke County, Ark.*, 874 F.2d 536, *539 (8th Cir. 1989); *Locke v. Kansas City Power & Light*

*Co.*, 660 F.2d 359, *365 (8th Cir. 1981).   Glasper fails to offer any evidence showing that he was qualified for the position for which he applied.  For this reason, he has failed to establish a prima facie case on his failure to hire claim and Defendants are entitled to summary judgment.

## IV.  CONCLUSION

After viewing the evidence in a light most favorable to the Plaintiffs, the court finds that the statute of limitations bars the claims Plaintiffs William Ware, Jerome Kidd, and Lester Brooks.  The court also finds that Robert Glasper's pay discrimination claim is barred by the statute of limitations and that, although his claim for failure to hire is not barred by the statute of limitations, he is unable to establish a prima facie case of failure to hire.  Accordingly, the Defendants are entitled to summary judgment as a matter of law and the claims of Plaintiffs Ware, Kidd, Brooks, and Glasper are dismissed with prejudice.

IT IS SO ORDERED this 17th day of June, 2008.

_____

UNITED STATES DISTRICT JUDGE