IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES, et al.                    PLAINTIFFS

v.                          CASE NO.: 4:06cv00944 BSM

FORREST CITY GROCERY INC., et al.                  DEFENDANTS


<u>ORDER</u>

Pending before this court is Defendants' Motion for Summary Judgment on the Claims of

Lee Dillard [Doc. # 194] and Plaintiffs' response [Doc. # 258].  This is the fourteenth of fourteen

pending motions for summary judgment in this case.  For the reasons stated below the motion should

be granted in part and denied in part.

*I.  BACKGROUND*

Defendant Forrest City Grocery (FCG) is a grocery wholesaler located in Forrest City,

Arkansas, that delivers bulk goods to retailers in Arkansas, Mississippi, Tennessee, and Missouri.

FCG is owned and operated by Allen and David Cohn.  Tony Cummings is FCG's warehouse

manager. FCG employs roughly 200 employees, of which 148 are African-American.  FCG's

workforce includes thirteen supervisor of which seven are African-American.

On August 8, 2006, nine former FCG employees filed suit pursuant to 42 U.S.C. § 1981,

alleging that FCG and its agents engaged in racially hostile practices and procedures, subjected

African-American employees to a racially hostile work environment, and engaged in racially biased

hiring procedures.  They also sought class action certification pursuant to Rule 23 of the Federal

Rules of Civil Procedure.  The nine original plaintiffs are: Patrick Spearman, Kip Rucker, Will

Green, Sidney Parchman, Charles Rogers, Washington Lamont Jones, William Ware, Michael Ward,

and Lamar Cole.  Through a series of amended complaints, sixteen additional plaintiffs were added:

Eric George, Brandon Barrett, Eric Brandon, Lester Brooks, Cara Lattimore, Gregory Moore, Isuoma

Shine, Lee Dillard, Jason Boyd, Vanessa Isom, Jimmie Kidd, Robert Glasper, Eric Foster, Tommy

Howard, Patrick Stevenson, and Clyde Givans.  The Plaintiffs are all African-American.  In a June

12, 2007 order, it was found that the Plaintiffs were not entitled to class certification.  On May 21,

2008, upon Defendants' motion, Plaintiffs Clyde Givans and Gregory Moore were dismissed.

Defendants have now moved for summary judgment on the claims of Plaintiff Lee Dillard.

Dillard was hired as an order puller in the cigarette room on July 5, 2003. [undisputed facts ¶ 1;

Dillard affidavit ¶1] His immediate supervisors were Jason Brazil and John Williams. [affidavit ¶

1] Dillard suffers from a spinal injury. [undisputed facts ¶ 3; Dillard depo submitted by defs p. 13]

Sometime after February 2004, Williams began calling Dillard "Brokeback Mountain." [undisputed

facts ¶ 3; depo submitted by defs p. 31] Williams would call Dillard this twenty or thirty times a day.

[undisputed facts ¶ 3].  Occasionally, Williams would call Dillard "Brokeback Mountain nigger."

[undisputed facts ¶3].  Williams also called Dillard "boy" twenty to twenty-five times a day and

called him "dumb nigger" or "stupid nigger."  [undisputed facts ¶ 5; depo submitted by defs pp. 10-

11] Brazil also called Dillard "boy" everyday and used the word "nigger" toward him fifteen to thirty

times.  [defs depo submission p. 84] On September 22, 2006, Dillard quit because he no longer

could tolerate the daily racial slurs and harassment. [contested facts ¶¶ 1 & 3]

Dillard now claims that he was wrongfully terminated and that his termination was based

upon his race, he was subjected to a racially hostile work environment, and that FCG engaged in

racially hostile patterns and practices.[1]  Defendants have moved for summary judgment on Dillard's claims and assert that defendants Allen and David Cohn should not be held individually liable under 42 U.S.C. § 1981.

## II.  STANDARD FOR SUMMARY JUDGMENT

When considering motions for summary judgment, this court views the evidence in a light most favorable to the nonmoving party and gives that party the benefit of all inferences that might reasonably be drawn.  *See Buboltz v. Residential Advantages, Inc.*, 523 F.3d 864, *868 (8th Cir. 2008).  Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Carrington v. City of Des Moines, Iowa*, 481 F.3d 1046, *1050 (8th Cir. 2007).  To be a genuine issue of fact, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party.  *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506 F.3d 1092, *1094 (8th Cir. 2007).  To be a material fact, the factual issue must potentially affect the outcome of the suit under the governing law.  *Id*.

The burden on the party moving for summary judgment is to demonstrate to the District Court that the record does not disclose a genuine dispute on any material fact.  *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, *273 (8th Cir. 1988) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986)).  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out the

---

[1]Defendants filed a separate motion for summary judgment on the pattern and practice claims. On June 9, 2008, an order was issued granting the motion.

movant's assertion. *Id.* Once the movant has carried its burden under Rule 56(c), the nonmoving

party must do more than simply show that there is some metaphysical doubt as to the material facts.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, *587 (1986). In the language

of the Rule, the nonmoving party must come forward with specific facts showing that there is a

genuine issue for trial. *Id.* Where the record taken as a whole could not lead a rational trier of fact

to find for the nonmoving party, there is no genuine issue for trial. *Id.*

## III.  DISCUSSION

In support of their motion for summary judgment, the Defendants submit Dillard's April 16,

2008 deposition testimony, and Declarations from Tony Cummings.[2]  In opposition to the motion

for summary judgment, Kidd submits his affidavit testimony, a portion of his August 15, 2007

deposition testimony, and affidavits from Donny Pierson and Dameon Jones. Because Dillard quit,

the court only addresses Dillard's hostile work environment claim and the Defendants' assertion that

Defendants Allen and David Cohn cannot be held individually liable under 42 U.S.C. § 1981.

A.    Hostile Work Environment

A hostile environment exists when the workplace is permeated with discriminatory

intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the

victim's employment and create an abusive working environment. *Gordon v. Shafer Contracting*

*Co., Inc*., 469 F.3d 1191, *1194 (8th Cir. 2006).  To establish a prima facie hostile work

environment claim, a plaintiff must prove: (1) that he is a member of a protected group; (2) the

occurrence of unwelcome harassment; (3) a causal nexus between the harassment and his

---

[2]The Defendants also submit their deliver route sheets and the employee history for
Patrick Spearman; however, these items are not relevant as to the present motion.

membership in the protected group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Anda v. Wickes Furniture Co., Inc.*, 517 F.3d 526, *531-32 (8th Cir. 2008); *Green*, 459 F.3d at *910; *Turner v. Gonzales*, 421 F.3d 688, *695 (8th Cir. 2005). The underlying wrongful conduct must be sufficient to create a hostile environment, both as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim. *Green*, 459 F.3d at *911; *Turner*, 421 F.3d at *695. A working environment dominated by racial slurs constitutes a hostile work environment. *See Green*, 459 F.3d at *911. If the comments are sporadic or casual, they are unlikely to establish a hostile work environment claim. *Id*. Frequency of harassment is a factor, but even infrequent conduct can be severe enough to be actionable. *Id*.

Because Dillard quit his employment with FCG, the court is confronted with the question of whether Dillard suffered an adverse employment action. An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. *Brannum v. MO Dep't of Corrections*, 518 F.3d 542, *549 (8th Cir. 2008); *Clegg v. Ark. Dep't of Correction*, 496 F.3d 922, *926 (8th Cir. 2007). This might include termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge. *Brannum*, 518 F.3d at *549; *Clegg*, 496 F.3d at *926. Minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities do not rise to the level of an adverse employment action. *Brannum*, 518 F.3d at *549; *Clegg*, 496 F.3d at *926.

A constructive discharge occurs when an employer deliberately renders the employee's

5

working conditions intolerable, thereby forcing the employee to quit. *Brenneman v. Famous Dave's of Am., Inc.*, 507 F.3d 1139, *1144 (8th Cir. 2007); *Devin v. Schwan's Home Serv., Inc.*, 491 F.3d 778, *789 (8th Cir. 2007); *Davis v. KARK-TV, Inc.*, 421 F.3d 699, *706 (8th Cir. 2005). To prove constructive discharge, a plaintiff must demonstrate that: (1) a reasonable person in the plaintiff's situation would find the working conditions intolerable and (2) the employer intended to force the plaintiff to quit. *Brenneman*, 507 F.3d at *1144; *Devin*, 491 F.3d at *789. If the plaintiff cannot show that the employer intended to force the plaintiff to quit, the plaintiff can still prevail if the employer could have reasonably foreseen that the employee would quit as a result of its action. *Brenneman*, 507 F.3d at *1144. To be reasonable, an employee must give the employer a reasonable opportunity to correct the problem. *Campos v. City of Blue Springs, MO*, 289 F.3d 546, *550-51 (8th Cir. 2002). In other words, a plaintiff must take affirmative steps short of resigning that a reasonable employee would take to make the conditions of employment more tolerable. *Id.*

While employed at FCG, Dillard's supervisors, Jason Brazil and John Williams constantly called him "nigger," "boy," and "Brokeback Mountain." [affidavit ¶ 1] As a result of this continued harassment, Dillard has lost weight and is having thoughts of suicide. [defs depo submission p. 69] The use of the word "nigger" even in jest can be evidence of racial antipathy. *Delph v. Dr. Pepper Bottling Co. of Paragould, Inc.*, 130 F.3d 349, *356 (8th Cir. 1997). However, the Supreme Court has held that the word "boy" will not always be evidence of racial animus and that standing alone the word is not always benign. *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, *456, 126 S.Ct. 1195, *1197 (2006). To discern the meaning behind the word, various factors must be examined, including the context, the speaker's inflection, tone of voice, local custom, and historical usage. *Id.*

When Dillard asked Williams why he insisted on calling him "Brokeback Mountain,"

Williams replied "Just to call you that" and "just picking." [undisputed facts ¶ 3]. Donny Pierson testified that he overheard Brazil call Dillard "boy," "bitch," and "whore." [Pierson affidavit ¶ 18] He said that he also overheard Dillard ask Brazil to stop; however, Brazil continued to harass Dillard. [Pierson affidavit ¶ 18]

Given the state of the record before the court, the court finds that a reasonable jury could find racial animus in the repeated use of the words "nigger" and "boy" in reference to Dillard and that Dillard took reasonable steps to make the conditions of his employment more tolerable. For these reasons, the court finds that there is a genuine issue of material fact in dispute concerning whether Dillard was subjected to a racially hostile work environment. Therefore, Defendants' motion for summary judgment on Dillard's hostile environment claim is denied.

B.      Individual Immunity under 42 U.S.C. § 1981

There are no Eighth Circuit Court of Appeal decisions addressing individual liability on claims under 42 U.S.C. § 1981. *See Habben v. City of Fort Dodge*, 472 F.Supp.2d 1142, *1155 (N.D. Iowa 2007); *Payne v. Peter Kiewit Sons', Inc.*, No. 8:06CV686 (D. Neb. Apr. 5, 2007) (order). An individual may be held liable under section 1981, regardless of whether that individual's employer is subject to liability. *Brooks v. Linn Mar Cmty. Sch. Dist.*, No. C95-0395 (N.D. Iowa July 1, 1997). If individuals are personally involved in the discrimination against a plaintiff, and if they intentionally caused an employer to infringe on a plaintiff's section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable. *Id.*

Defendants argue that Defendants David and Allen Cohn cannot be held individually liable under section 1981. The court agrees. Dillard has no complaints about how David and Allen Cohn treated him. [undisputed facts ¶ 2] Dillard fails to put forth any evidence showing that Allen and

David Cohn personally discriminated against him.  Therefore liability against them under section 1981 cannot be established and Defendants are entitled to summary judgment.

## IV.  CONCLUSION

After viewing the evidence in a light most favorable to Dillard, the court finds that Defendants Allen and David Cohn are not individually liable under 42 U.S.C. § 1981 and that Defendants are entitled to summary judgment on this point.  The court, however, finds that there is a genuine issue of material fact in dispute as to whether Dillard was subjected to a hostile work environment.   Therefore, Defendants' motion for summary judgment on Dillard's hostile environment claim is denied.

IT IS SO ORDERED this 17th day of June, 2008.

_____

UNITED STATES DISTRICT JUDGE