IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES, et al.                          PLAINTIFFS

v.                          CASE NO.: 4:06cv00944 BSM

FORREST CITY GROCERY INC., et al.                          DEFENDANTS

<u>ORDER</u>

Pending before this court is Defendants' Motion for Summary Judgment on the Claims of Tommy Howard [Doc. # 195] and Plaintiffs' response [Doc. # 228]. This is the tenth of fourteen pending motions for summary judgment in this case. For the reasons stated below the motion should be granted.

*I.  BACKGROUND*

Defendant Forrest City Grocery (FCG) is a grocery wholesaler located in Forrest City, Arkansas, that delivers bulk goods to retailers in Arkansas, Mississippi, Tennessee, and Missouri. FCG is owned and operated by Allen and David Cohn. Tony Cummings is FCG's warehouse manager. FCG employs roughly 200 employees, of which 148 are African-American. FCG's workforce includes thirteen supervisor of which seven are African-American.

On August 8, 2006, nine former FCG employees filed suit pursuant to 42 U.S.C. § 1981, alleging that FCG and its agents engaged in racially hostile practices and procedures, subjected African-American employees to a racially hostile work environment, and engaged in racially biased hiring procedures. They also sought class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The nine original plaintiffs are: Patrick Spearman, Kip Rucker, Will Green, Sidney Parchman, Charles Rogers, Washington Lamont Jones, William Ware, Michael Ward,

and Lamar Cole.  Through a series of amended complaints, sixteen additional plaintiffs were added:

Eric George, Brandon Barrett, Eric Brandon, Lester Brooks, Cara Lattimore, Gregory Moore, Isuoma

Shine, Lee Dillard, Jason Boyd, Vanessa Isom, Jimmie Kidd, Robert Glasper, Eric Foster, Tommy

Howard, Patrick Stevenson, and Clyde Givans.  The Plaintiffs are all African-American.  In a June

12, 2007 order, it was found that the Plaintiffs were not entitled to class certification.  On May 21,

2008, upon Defendants' motion, Plaintiffs Clyde Givans and Gregory Moore were dismissed.

Defendants have now moved for summary judgment on the claims of Plaintiff Tommy

Howard. Howard began working for FCG on June 14, 1994. [undisputed facts paragraph 1] He

worked as a machine operator. [affidavit paragraph 1 and contested facts paragraph 1] During his

employment with FCG, Howard was written up on a number of occasions and had several unexcused

absences. [undisputed facts paragraphs 4 & 5] In 2004, he signed FCG's list of rules for the day shift.

[undisputed facts paragraph 5] One of the rules on the list prohibited insubordination. [undisputed

facts paragraph 6]

On March 2, 2005, Jason Brazil, a white supervisor, told Howard to pull some cigarettes and

Howard objected to Brazil's tone of voice. [undisputed facts paragraph 7]   Howard told Brazil not

to talk to him in that tone. [undisputed facts paragraph 7] Brazil then said a curse word and Howard

walked away. [undisputed facts paragraph 7] When Howard returned, Brazil told Howard to leave

the premises and Howard was terminated for insubordination. [undisputed facts paragraph 7]

Howard claims that his termination was racially motivated.  He also claims that FCG engages

in racially discriminatory practices and procedures[1] and that he was subjected to a racially hostile

---

[1]Defendants filed a separate motion for summary judgment on the pattern and practice claims.  On June 9, 2008, an order was issued granting the motion.

work environment.  Defendants have moved for summary judgment on all of Howard's claims.

## II.  STANDARD FOR SUMMARY JUDGMENT

When considering motions for summary judgment, this court views the evidence in a light most favorable to the nonmoving party and gives that party the benefit of all inferences that might reasonably be drawn.  *See Buboltz v. Residential Advantages, Inc.*, 523 F.3d 864, *868 (8th Cir. 2008).  Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Carrington v. City of Des Moines, Iowa*, 481 F.3d 1046, *1050 (8th Cir. 2007).  To be a genuine issue of fact, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party.  *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506 F.3d 1092, *1094 (8th Cir. 2007).  To be a material fact, the factual issue must potentially affect the outcome of the suit under the governing law.  *Id.*

The burden on the party moving for summary judgment is to demonstrate to the District Court that the record does not present a genuine dispute as to any material fact.  *See City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, *273 (8th Cir. 1988) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986)).  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out the movant's assertion.  *Id.*  Once the movant has carried its burden under Rule 56(c), the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, *587 (1986). In the language of the Rule, the nonmoving party must come forward with specific facts showing that

there is a genuine issue for trial. *Id.* Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id.*

### III.  DISCUSSION

In support of their motion for summary judgment, the Defendants submit Howard's April 17, 2008 deposition testimony, and Declarations from Tony Cummings.[2]  In opposition to the motion for summary judgment, Howard submits his affidavit testimony, a portion of his April 17, 2008 deposition testimony, and affidavits from Donny Pierson and Dameon Jones.

A.      Wrongful Termination Claim

A plaintiff raising claims of race discrimination may survive a motion for summary judgment either by proof of "direct evidence" of discrimination, or by creating the requisite inference of unlawful discrimination through the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817 (1973). *E.E.O.C. v. Trans State Airlines, Inc.*, 462 F.3d 987, *991 (8th Cir. 2006); *see Fields v. Shelter Mut. Ins. Co.*, __ F.3d __, 2008 WL 763017 (8th Cir. 2008); *King v. Hardesty*, 517 F.3d 1049, *1057 (8th Cir. 2008).   Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action.  *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, *1034 (8th Cir. 2007); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, *933 (8th Cir. 2006). Direct evidence does not include stray remarks in the workplace, statements by non-decision-makers,

_____

[2]The Defendants also submit their deliver route sheets and the employee history for Patrick Spearman; however, these items are not relevant as to the present motion.

or statements by decision-makers unrelated to the decisional process itself.  *Twymon*, 462 F.3d at *933; *King*, 517 F.3d at *1058.

Howard was terminated for insubordination.  He states that Jason Brazil spoke to him in a loud, rude and offensive voice. [contested facts paragraph 5] He also states that Brazil called him boy on several occasions. [depo p. 32]   The Supreme Court has held that the word "boy" will not always be evidence of racial animus and that standing alone the word is not always benign.  *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, *456, 126 S.Ct. 1195, *1197 (2006).   To discern the meaning behind the word, various factors must be examined, including the context, the speaker's inflection, tone of voice, local custom, and historical usage.  *Id*.  Howard fails to show how Brazil's use of the word "boy" influenced the decision to terminate him for insubordination.

On the date of his termination, Howard believes that Brazil talked to him like he was inhuman and that Brazil demeaned him like he was a boy. [depo p. 30]  It is well-settled that a plaintiff's beliefs or feelings cannot create a triable issue of discrimination.  *Harris v. Home Savings Ass'n*, 730 F.Supp. 298, *304 (W.D. Mo. 1989).   Therefore, because Howard fails to show how racial animus influenced the decision to terminate him for insubordination, the court finds that he fails to offer direct evidence of discrimination.

In the absence of direct evidence of discrimination, Howard's claim will next be examined under the burden-shifting framework of *McDonnell-Douglas*.  The *McDonnell-Douglas* burden-shifting framework applies to claims of race discrimination under section 1981.  *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1196 (8th Cir. 2006); *Harris v. Hays*, 452 F.3d 714, *717 (8th Cir. 2006).   Under this framework, a plaintiff first must establish a prima facie case of discrimination; if a prima facie case is established, the burden of production shifts to the defendant

to show a legitimate, nondiscriminatory reason for the challenged action; and if the defendant proffers such a reason, the burden shift back to the plaintiff to establish that the proffered reason is a mere pretext for discriminatory animus. *Harris*, 452 F.3d at *717-18. To establish a prima facie case of discriminatory discharge, Howard must show that: (1) he belongs to a protected class; (2) he was meeting FCG's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Fields*, __ F.3d at __; *Shanklin v. Fitzgerald*, 397 F.3d 596, *602 (8th Cir. 2005).

Defendants do not dispute that Howard is a member of a protected class, that he was meeting FCG's job expectations, and that Howard suffered an adverse employment action. Defendants point out that Howard fails to meet his burden of proving that similarly situated persons outside the protected class were treated differently. To establish that a similarly-situated employee received more favorable treatment, the evidence must show that the similarly-situated employee dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances. *E.E.O.C. v. Trans-State Airlines*, 462 F.3d at *993; *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, *913 (8th Cir. 2006).

Howard fails to offer any evidence tending to suggest that similarly situated employees outside the protected class were treated differently. He is, therefore, unable to establish a prima facie case of discrimination.

Howard failed to produce direct evidence showing that his termination was discriminatory. He has also failed to produce evidence creating an inference discrimination. Therefore, a reasonable jury would not rule in his favor. For these reasons, the court finds that there are no genuine issues of material fact in dispute and that Defendants are entitled to summary judgment on Howard's wrongful termination claim.

B.      Hostile Work Environment Claim

A hostile environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1194 (8th Cir. 2006). To establish a prima facie hostile work environment claim, a plaintiff must prove: (1) that he is a member of a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and his membership in the protected group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Anda v. Wickes Furniture Co., Inc.*, 517 F.3d 526, *531-32 (8th Cir. 2008); *Green*, 459 F.3d at *910; *Turner v. Gonzales*, 421 F.3d 688, *695 (8th Cir. 2005). The underlying wrongful conduct must be sufficient to create a hostile environment, both as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim. *Green*, 459 F.3d at *911; *Turner*, 421 F.3d at *695. A working environment dominated by racial slurs constitutes a hostile work environment. *See Green*, 459 F.3d at *911. If the comments are sporadic or casual, they are unlikely to establish a hostile work environment claim.

7

*Id*. Frequency of harassment is a factor, but even infrequent conduct can be severe enough to be actionable. *Id*.

After Howard began working for FCG, a statement started floating around that blacks could not pull cigarettes. [undisputed facts paragraph 2]  On one occasion, Howard's former supervisor, Jackie Tuberville called black employees monkeys. [depo p. 16] When Howard told Tuberville that he found the statement offensive, Tuberville ceased using the term around Howard. [undisputed facts paragraph 3]  Howard states that defendant David Cohn talked in a loud tone of voice and sometimes cursed. [depo pp. 26-27]  Merely rude or unpleasant conduct does not create actionable harassment. *Williams v. ConAgra Poultry Co.*, 378 F.3d 790, *795 (8th Cir. 2004).   Furthermore, the statement about blacks not being able to pull cigarettes is at best a stray remark.  The use of the racially offensive language did not alter the conditions of Howard's employment because Howard heard the supervisor use the language on one occasion and the supervisor did not use the language again because Howard told the supervisor that he was offended.  Therefore, the court finds that there are no genuine issues of material fact as to Howard's hostile work environment claim and summary judgment is granted on that claim.

C.      Individual Immunity under 42 U.S.C. § 1981

There are no Eighth Circuit Court of Appeal decisions addressing individual liability on claims under section 1981.  *See Habben v. City of Fort Dodge*, 472 F.Supp.2d 1142, *1155 (N.D. Iowa 2007); *Payne v. Peter Kiewit Sons', Inc.*, No. 8:06CV686 (D. Neb. Apr. 5, 2007) (order).  An individual may be held liable under section 1981, regardless of whether that individual's employer is subject to liability. *Brooks v. Linn Mar Cmty. Sch. Dist.*, No. C95-0395 (N.D. Iowa July 1, 1997). If individuals are personally involved in the discrimination against a plaintiff, and if they

8

intentionally caused an employer to infringe on a plaintiff's section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable.  *Id*.

Defendants argue that Defendants David and Allen Cohn cannot be held individually liable under section 1981.  The court agrees.  Howard admits that neither Allen nor David Cohn used racial slurs towards him. [depo pp. 26-27] He fails to put forth any evidence showing that Allen and David Cohn personally discriminated against him.  Howard cannot establish liability against either Allen or David Cohn under section 1981 and there are no genuine issues of material fact in relationship to this claim.  Summary judgement is therefore granted on this claim.

## IV.  CONCLUSION

After viewing the evidence in a light most favorable to Howard, there are no genuine issues of material fact in dispute and Defendants are entitled to summary judgment as a matter of law. Accordingly, the motion for summary judgment is granted and Howard's claims are dismissed with prejudice.

IT IS SO ORDERED this 19th day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE