IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES, et al.                          PLAINTIFFS

v.                          CASE NO.: 4:06cv00944 BSM

FORREST CITY GROCERY INC., et al.                        DEFENDANTS

ORDER

Pending before this court is Defendants' Motion for Summary Judgment on the Claims of Eric Foster [Doc. # 182] and Plaintiffs' response [Doc. # 222]. This is the eleventh of fourteen pending motions for summary judgment in this case. For the reasons stated below the motion should be granted in part and denied in part.

*I. BACKGROUND*

Defendant Forrest City Grocery (FCG) is a grocery wholesaler located in Forrest City, Arkansas, that delivers bulk goods to retailers in Arkansas, Mississippi, Tennessee, and Missouri. FCG is owned and operated by Allen and David Cohn. Tony Cummings is FCG's warehouse manager. FCG employs roughly 200 employees, of which 148 are African-American. FCG's workforce includes thirteen supervisor of which seven are African-American.

On August 8, 2006, nine former FCG employees filed suit pursuant to 42 U.S.C. § 1981, alleging that FCG and its agents engaged in racially hostile practices and procedures, subjected African-American employees to a racially hostile work environment, and engaged in racially biased hiring procedures. They also sought class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The nine original plaintiffs are: Patrick Spearman, Kip Rucker, Will Green, Sidney Parchman, Charles Rogers, Washington Lamont Jones, William Ware, Michael Ward,

and Lamar Cole.  Through a series of amended complaints, sixteen additional plaintiffs were added: Eric George, Brandon Barrett, Eric Brandon, Lester Brooks, Cara Lattimore, Gregory Moore, Isuoma Shine, Lee Dillard, Jason Boyd, Vanessa Isom, Jimmie Kidd, Robert Glasper, Eric Foster, Tommy Howard, Patrick Stevenson, and Clyde Givans.  The Plaintiffs are all African-American.  In a June 12, 2007 order, it was found that the Plaintiffs were not entitled to class certification.  On May 21, 2008, upon Defendants' motion, Plaintiffs Clyde Givans and Gregory Moore were dismissed.

Defendants have now moved for summary judgment on the claims of Plaintiff Eric Foster. Foster was first hired by FCG in 2006. [undisputed facts ¶ 3.] He quit after one week. [undisputed facts ¶ 3] On January 5, 2007, Tony Cummings rehired Foster to work as a stockman. [contested facts ¶ 1; affidavit ¶ 1] His duties included moving product every morning to the front shelf of his aisle and restocking his aisle afer he finished "fronting it." [undisputed facts ¶ 5] His immediate supervisor was Randy Booker. [undisputed facts ¶ 6] Booker is white. [depo p. 39]  Between January 2007 and March 2007, Foster was written up six times. [undisputed facts ¶ 7] These write ups were for poor work performance, tardiness, and failure to get along with his coworkers. [undisputed facts ¶ 7] Around March 14 or 15, 2007, Foster was terminated after his aisle was found untidy at the end of his shift. [undisputed facts ¶ 11; Declarations of Tony Cummings ¶ 13]

Foster claims that he was racially discriminated against when FCG terminated him and denied him a raise.  He also claims that FCG engages in racially discriminatory practices and procedures,[1] and that he was subjected to a hostile work environment.  Defendants have moved for summary judgment on all of Foster's claims.

---

[1] Defendants filed a separate motion for summary judgment on the pattern and practice claims. On June 9, 2008, an order was issued granting the motion.

## II. STANDARD FOR SUMMARY JUDGMENT

When considering motions for summary judgment, this court views the evidence in a light most favorable to the nonmoving party and gives that party the benefit of all inferences that might reasonably be drawn. *See Buboltz v. Residential Advantages, Inc.*, 523 F.3d 864, *868 (8th Cir. 2008). Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Carrington v. City of Des Moines, Iowa*, 481 F.3d 1046, *1050 (8th Cir. 2007). To be a genuine issue of fact, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506 F.3d 1092, *1094 (8th Cir. 2007). To be a material fact, the factual issue must potentially affect the outcome of the suit under the governing law. *Id*.

The burden on the party moving for summary judgment is to demonstrate to the District Court that the record does not disclose a genuine dispute as to any material fact. *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, *273 (8th Cir. 1988) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986)). It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out the movant's assertion. *Id*. Once the movant has carried its burden under Rule 56(c), the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, *587 (1986). In the language of the Rule, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Id*. Where the record taken as a whole could not lead a rational trier

of fact to find for the nonmoving party, there is no genuine issue for trial. *Id*.

## III. DISCUSSION

In support of their motion for summary judgment, the Defendants submit Foster's October 4, 2007 deposition testimony, and Declarations from Tony Cummings.[2] In opposition to the motion for summary judgment, Foster submits his affidavit testimony, a portion of his October 4, 2007 deposition testimony, and affidavits from Donny Pierson and Dameon Jones.

A.      Wrongful Termination Claim

Defendants assert that the same actor defense entitles them to a presumption that race was not a motivating factor in the decision to terminate Foster. The same actor defense provides that in cases where the hirer and firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action. *Richardson v. Sugg*, 325 F.Supp.2d 919, *924 (E.D. Ark. 2004).

Foster was hired by Tony Cummings. [undisputed facts ¶ 4] Cummings states that he decided to terminated Foster when he failed to clean up his aisle at the end of his shift. [Declarations of Tony Cummings ¶ 13] Foster argues that he was terminated by Randy Booker. [contested facts ¶ 6] Viewing this evidence in a light most favorable to Foster, the court finds that due to this discrepancy in who actually fired Foster, the Defendants are not entitled to the same actor defense.

A plaintiff raising claims of race discrimination may survive a motion for summary judgment either by proof of "direct evidence" of discrimination, or by creating the requisite inference of

---

[2]The Defendants also submit their deliver route sheets and the employee history for Patrick Spearman; however, these items are not relevant as to the present motion.

unlawful discrimination through the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817 (1973). *E.E.O.C. v. Trans State Airlines, Inc.*, 462 F.3d 987, *991 (8th Cir. 2006); *see Fields v. Shelter Mut. Ins. Co.*, __ F.3d __, 2008 WL 763017 (8th Cir. 2008); *King v. Hardesty*, 517 F.3d 1049, *1057 (8th Cir. 2008). Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action. *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, *1034 (8th Cir. 2007); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, *933 (8th Cir. 2006). Direct evidence does not include stray remarks in the workplace, statements by non-decision-makers, or statements by decision-makers unrelated to the decisional process itself. *Twymon*, 462 F.3d at *933; *King*, 517 F.3d at *1058.

Foster submits that on January 10, 2007, he was called a liar by Booker and Cummings after writing in the comment section of the write up he received that day that he had not been trained properly. [contested facts ¶ 2] He also submits that on February 22, 2007, he and a black coworker had a disagreement over the use of a forklift. [undisputed facts ¶ 8; contested facts ¶ 3] When they were called into the office by Booker, Foster called Booker a liar. [contested facts ¶ 3] Booker adjourned the meeting and Foster returned to his aisle. [contested facts ¶ 3] Booker approached Foster and said "you ain't nothing but a punk ass nigger" and warned Foster to never call him a liar again. [undisputed facts ¶ 8; contested facts ¶ 3] Foster admits that this was the only instance at FCG where someone used a racial term to refer to him. [depo p. 47]

After viewing this evidence in a light most favorable to Foster, the court finds that Foster fails to present direct evidence of discrimination. Foster was terminated on March 14/15, 2007, after

5

his aisle was found in disarray. [undisputed facts ¶ 11] The record indicates that the statement by Booker on February 22 was a stray remark and had no bearing on the decision to terminate Foster.

Because Foster fails to offer any direct evidence of discrimination, his claim will be analyzed under the burden-shifting framework of *McDonnell-Douglas*. The *McDonnell-Douglas* burden-shifting framework applies to claims of race discrimination under section 1981. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1196 (8th Cir. 2006); *Harris v. Hays*, 452 F.3d 714, *717 (8th Cir. 2006). Under this framework, a plaintiff first must establish a prima facie case of discrimination; if a prima facie case is established, the burden of production shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged action; and if the defendant proffers such a reason, the burden shift back to the plaintiff to establish that the proffered reason is a mere pretext for discriminatory animus. *Harris*, 452 F.3d at *717-18. To establish a prima facie case of discriminatory discharge, Foster must show that: (1) he belongs to a protected class; (2) he was meeting FCG's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Fields*, __ F.3d at __; *Shanklin v. Fitzgerald*, 397 F.3d 596, *602 (8th Cir. 2005).

For purposes of summary judgment, Defendants do not dispute that Foster is a member of a protected class, that he met the minimum qualifications for the job, and that Foster suffered an adverse employment action. Defendants point out that Foster fails to meet his burden of proving that similarly situated persons outside the protected class were treated differently. To establish that a similarly-situated employee received more favorable treatment, the evidence must show that the similarly-situated employee dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances. *E.E.O.C. v.*

*Trans-State Airlines*, 462 F.3d at *993; *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, *913 (8th Cir. 2006).

Foster fails to offer any evidence tending to suggest that similarly situated employees outside the protected class were treated differently. He, therefore, cannot establish a prima facie case of discrimination.

Even if Foster had established a prima facie case of discrimination, FCG offers a legitimate reason for Foster's termination. During his three months of employment with FCG, Foster was written up six times. At least two of Foster's write-ups were for poor work performance. [undisputed facts ¶ 7] The decision to terminate Foster was made after Foster failed to clean up his aisle at the end of his shift. [Declarations of Tony Cummings ¶ 13] Foster offers no evidence showing that this decision was mere pretext for discriminatory animus.

Because Foster fails to produce either direct evidence or prima facie evidence showing that his termination was the result of discrimination, there are no genuine issues of material fact in dispute regarding his wrongful termination claim and a reasonable jury would not rule in his favor. Therefore, the court finds that Defendants are entitled to summary judgment on Foster's wrongful termination claim.

B.  Failure to Receive a Raise Claim

Foster admits that he was never denied a raise. [depo p. 42] The court, therefore, finds that there are no genuine issues of material fact and that Defendants are entitled to summary judgment on this claim.

C.  Hostile Work Environment Claim

A hostile environment exists when the workplace is permeated with discriminatory

intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1194 (8th Cir. 2006). To establish a prima facie hostile work environment claim, a plaintiff must prove: (1) that he is a member of a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and his membership in the protected group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Anda v. Wickes Furniture Co., Inc.*, 517 F.3d 526, *531-32 (8th Cir. 2008); *Green*, 459 F.3d at *910; *Turner v. Gonzales*, 421 F.3d 688, *695 (8th Cir. 2005). The underlying wrongful conduct must be sufficient to create a hostile environment, both as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim. *Green*, 459 F.3d at *911; *Turner*, 421 F.3d at *695. A working environment dominated by racial slurs constitutes a hostile work environment. *See Green*, 459 F.3d at *911. If the comments are sporadic or casual, they are unlikely to establish a hostile work environment claim. *Id*. Frequency of harassment is a factor, but even infrequent conduct can be severe enough to be actionable. *Id*.

On one occasion, Foster's supervisor called him a "punk ass nigger." [contested facts ¶ 4] This was the only time a racial slur was directed towards Foster. [undisputed facts ¶ 9; depo p. 47]. However, he also heard one of his supervisors tell Damien Jones, another black employee, "Nigger, I'll hang you from a rope." [depo p. 60] The use of the word "nigger" even in jest can be evidence of racial antipathy. *Delph v. Dr. Pepper Bottling Co. of Paragould, Inc.*, 130 F.3d 349, *356 (8th Cir. 1997). And the court finds that if one were to provide the quintessential example of the meaning

of the phrase "racial animus," it would be calling black employees "nigger" and telling them that they will be hanged "from a rope."

After viewing this evidence in a light most favorable to Foster, a reasonable jury could find that discriminatory intimidation, ridicule, and insult permeated the work conditions at FCG such that a hostile work environment existed. Therefore, the court finds that a genuine issue of material fact exists and that Defendants' motion for summary judgment on this point is denied.

D.      Individual Immunity under 42 U.S. C. § 1981

There are no Eighth Circuit Court of Appeal decisions addressing individual liability on claims under 42 U.S.C. § 1981. *See Habben v. City of Fort Dodge*, 472 F.Supp.2d 1142, *1155 (N.D. Iowa 2007); *Payne v. Peter Kiewit Sons', Inc.*, No. 8:06CV686 (D. Neb. Apr. 5, 2007) (order). An individual may be held liable under section 1981, regardless of whether that individual's employer is subject to liability. *Brooks v. Linn Mar Cmty. Sch. Dist.*, No. C95-0395 (N.D. Iowa July 1, 1997). If individuals are personally involved in the discrimination against a plaintiff, and if they intentionally caused an employer to infringe on a plaintiff's section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable. *Id*.

Defendants argue that Defendants David and Allen Cohn cannot be held individually liable under 42 U.S.C. § 1981. The court agrees. Foster never met David Cohn and he only meet Allen Cohn when he had an issue concerning his pay. [undisputed facts ¶13; depo p. 38] He fails to put forth any evidence tending to suggest that either David or Allen Cohn personally discriminated against him or authorized or directed any of the discriminatory conduct. The court finds that Foster has establish that David and Allen Cohn were individually liable under section 1981 and that there are no genuine issues of material fact in dispute on this claim. Summary judgment is therefore

granted on this claim.

## IV.  CONCLUSION

After viewing the evidence in a light most favorable to Foster, the court finds that there are no genuine issues of material fact in dispute regarding Foster's wrongful termination claim, failure to receive a raise claim, and claim of individual liability under 42 U.S.C. § 1981.  The court, therefore, grants Defendants' motion for summary judgment on these claims and they are dismissed with prejudice.  The court, however, finds that there is a genuine issue of material fact as to Foster's hostile work environment claim and the court therefore denied Defendants' motion for summary judgment on that claim.

IT IS SO ORDERED this 19th day of June, 2008.

*[signature: Brian S. Miller]*

UNITED STATES DISTRICT JUDGE