IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WASHINGTON LAMONT JONES, et al.                    PLAINTIFFS

v.                    CASE NO.: 4:06cv00944 BSM

FORREST CITY GROCERY INC., et al.                    DEFENDANTS


ORDER

Pending before this court is Defendants' Motion for Summary Judgment on the Claims of

Lamar Cole, Kip Rucker, and Will Green [Doc. # 204], and Plaintiffs' response [Doc. # 242].  This

is the fourth of fourteen pending motions for summary judgment in this case.  For the reasons stated

below, the motion is granted as to all claims except for Kip Rucker's claim of racial discrimination.

*I.  BACKGROUND*

Defendant Forrest City Grocery (FCG) is a grocery wholesaler located in Forrest City,

Arkansas, that delivers bulk goods to retailers in Arkansas, Mississippi, Tennessee, and Missouri.

FCG is owned and operated by defendants Allen and David Cohn.  Tony Cummings is FCG's

warehouse manager.  FCG employs roughly 200 employees, of which 148 are African-American.

FCG's workforce includes thirteen supervisor of which seven are African-American.

FCG makes up to thirty delivery runs a day. [Declarations of Tony Cummings ¶ 2] A majority

of the runs are considered local deliveries or same day runs. [Cummings ¶ 2] Several of FCG's

customers are located in the Memphis, Tennessee area. [Cummings ¶ 2]   The Memphis deliveries

are to stores in urban areas. [Cummings ¶ 6] On average, FCG trucks make four to six runs per day

to the Memphis area. [Cummings ¶ 2] The Memphis deliveries are considered same day runs.

[Cummings ¶ 2]

FCG uses a fleet of trucks that are of various ages and conditions to make its deliveries. [Cummings ¶ 3] Newer vehicles are used for long runs such as overnight runs. [Cummings ¶ 3] The older vehicles are used on short runs. [Cummings ¶ 3] The runs to Memphis are considered short runs. [Cummings ¶ 3] FCG employs fifty drivers, with thirty-eight of the drivers being African-American. [Cummings ¶ 5] Drivers are responsible for all deliveries and shortages. [Cummings ¶ 9] FCG also employs several helpers to assist the drivers in loading and unloading deliveries. [Cummings ¶ 9] Helpers are not used on all runs and are assigned based on the volume of the run. [Cummings ¶ 4] Because the Memphis deliveries are high volume runs, most of the helpers are assigned to Memphis runs. [Cummings ¶ 4] The majority of the applicants for the helper positions are African-American and as of May 6, 2008, all of the helpers were African-American. [Cummings ¶ 5]

Robberies are an occupational hazard for FCG's drivers. [Cummings ¶ 6] Despite this hazard, FCG holds its drivers strictly accountable for the inventory loaded onto the trucks.   [Cummings ¶ 8]  Drivers are required to repay inventory shortages and any driver refusing to reimburse FCG is subject to termination. [Cummings ¶ 8]

On August 8, 2006, nine former FCG employees filed suit pursuant to 42 U.S.C. § 1981, alleging that FCG and its agents engaged in racially hostile practices and procedures, subjected African-American employees to a racially hostile work environment, and engaged in racially biased hiring procedures.  They also sought class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The nine original plaintiffs are: Patrick Spearman, Kip Rucker, Will Green, Sidney Parchman, Charles Rogers, Washington Lamont Jones, William Ware, Michael Ward, and Lamar Cole.  Through a series of amended complaints, sixteen additional plaintiffs were added:

Eric George, Brandon Barrett, Eric Brandon, Lester Brooks, Cara Lattimore, Gregory Moore, Isuoma

Shine, Lee Dillard, Jason Boyd, Vanessa Isom, Jimmie Kidd, Robert Glasper, Eric Foster, Tommy

Howard, Patrick Stevenson, and Clyde Givans.  The Plaintiffs are all African-American.  In a June

12, 2007 order, it was found that the Plaintiffs were not entitled to class certification.  On May 21,

2008, upon Defendants' motion, Plaintiffs Clyde Givans and Gregory Moore were dismissed.

## II.  STANDARD FOR SUMMARY JUDGMENT

When considering motions for summary judgment, this court views the evidence in a light

most favorable to the nonmoving party and gives that party the benefit of all inferences that might

reasonably be drawn.  *See Buboltz v. Residential Advantages, Inc.*, 523 F.3d 864, *868 (8th Cir.

2008).  Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the

pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

*See Carrington v. City of Des Moines, Iowa*, 481 F.3d 1046, *1050 (8th Cir. 2007).  To be a genuine

issue of fact, the evidence must be such that a reasonable jury could return a verdict for the

nonmoving party.  *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506 F.3d 1092, *1094 (8th Cir.

2007).  To be a material fact, the factual issue must potentially affect the outcome of the suit under

the governing law.  *Id.*

The burden on the party moving for summary judgment is only to demonstrate to the District

Court that the record does not disclose a genuine dispute as to any material fact.  *City of Mt.

Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, *273 (8th Cir. 1988) (discussing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986)).  It is enough for the movant to bring

up the fact that the record does not contain such an issue and to identify that part of the record which

bears out the movant's assertion.  *Id*.  Once the movant has carried its burden under Rule 56(c), the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, *587 (1986). In the language of the Rule, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.  *Id*.  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  *Id*.

### III.  DISCUSSION

A.     <u>Claims of Lamar Cole</u>

Lamar Cole began working as a truck driver for FCG in 1993. [undisputed facts ¶ 1] He left in 1994, following a disagreement involving the theft of a pack of cigarettes. [Cole dep. p. 18] Cole was rehired in 2004. [undisputed facts ¶ 5] On January 7, 2005, Cole was robbed while unloading his truck. [contested facts ¶ 1] The following Monday, he was fired for failing to follow FCG procedures. [Cole dep. p. 108] Cole now claims that (1) he was wrongfully terminated in 1994 and 2005, (2) he was discriminated against by FCG when it failed to promote him, (3) he was subjected to a racially hostile work environment, and that FCG engaged in racially discriminatory patterns and practices.[1]  [Fourth Amended Complaint Count V]

1.  <u>Wrongful Termination in 1994</u>

Cole seeks redress for his termination in 1994.  This claim is barred by the statute of limitations.  The statute of limitations for claims involving the termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship is four

---

[1]The plaintiffs' pattern and practice claims were dismissed  in a June 9, 2008 order that granted the defendants' partial motion for summary judgment.

years. *Jackson v. Homechoice, Inc.*, 368 F.3d 997, \*999 (8th Cir. 2004). Cole's 1994 termination

claim is therefore barred and summary judgment is granted on that claim.

　　2. Wrongful termination in 2005

　　Cole mistakenly argues that he was constructively discharged.  Before addressing the merits

of his second wrongful termination claim, the court will take this opportunity to explain constructive

discharge.  A constructive discharge occurs when an employer deliberately renders the employee's

working conditions intolerable, thereby forcing the employee to quit. *Brenneman v. Famous Dave's

of Am., Inc.*, 507 F.3d 1139, \*1144 (8th Cir. 2007); *Devin v. Schwan's Home Serv., Inc.*, 491 F.3d

778, \*789 (8th Cir. 2007); *Davis v. KARK-TV, Inc.*, 421 F.3d 699, \*706 (8th Cir. 2005).  To prove

constructive discharge, a plaintiff must demonstrate that: (1) a reasonable person in the plaintiff's

situation would find the working conditions intolerable and (2) the employer intended to force the

plaintiff to quit.  *Brenneman*, 507 F.3d at \*1144; *Devin*, 491 F.3d at \*789.  If the plaintiff cannot

show that the employer intended to force the plaintiff to quit, the plaintiff can still prevail if the

employer could have reasonably foreseen that the employee would quit as a result of its action.

*Brenneman*, 507 F.3d at \*1144.  To be reasonable, an employee must give the employer a reasonable

opportunity to correct the problem.  *Campos v. City of Blue Springs, MO*, 289 F.3d 546, \*550-51

(8th Cir. 2002).  In other words a plaintiff must take affirmative steps short of resigning that a

reasonable employee would take to make the conditions of employment more tolerable.  *Id.*

　　Cole's constructive discharge claim is misguided for two reasons.  First, he was fired

outright.  Second, he has failed to proffer any evidence showing that the working conditions at FCG

were intolerable.  For these reasons, to survive the present motion for summary judgment, Cole

would have to proffer either "direct evidence" of discrimination, or by creating the requisite

inference of unlawful discrimination through the burden-shifting framework described in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817 (1973). *E.E.O.C. v. Trans State Airlines, Inc.*, 462 F.3d 987, *991 (8th Cir. 2006); *see Fields v. Shelter Mut. Ins. Co.*, __ F.3d __, 2008 WL 763017 (8th Cir. 2008); *King v. Hardesty*, 517 F.3d 1049, *1057 (8th Cir. 2008). Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action. *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, *1034 (8th Cir. 2007); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, *933 (8th Cir. 2006). Direct evidence does not include stray remarks in the workplace, statements by non-decision-makers, or statements by decision-makers unrelated to the decisional process itself. *Twymon*, 462 F.3d at *933; *King*, 517 F.3d at *1058.

Cole has  proffered no direct evidence of discrimination. Cole was terminated because he failed to follow FCG's procedure. [Cole dep. p. 41] He has also failed to proffer evidence of discriminatory animus.  Although Cole proffers evidence concerning his discontent with the way the routes were assigned, that evidence would tend to support a patterns and practices claim, and the court previously ruled that plaintiffs cannot maintain a patterns and practices claim.  Without evidence of discriminatory animus, Cole cannot establish that an illegitimate criterion actually motivated the decision to fire him.

Because Cole has failed to proffer direct evidence of discrimination, the court will examine his claim under the burden-shifting framework of *McDonnell-Douglas*.  The *McDonnell-Douglas* burden-shifting framework applies to claims of race discrimination under section 1981. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1196 (8th Cir. 2006); *Harris v. Hays*, 452 F.3d 714,

6

*717 (8th Cir. 2006).   Under this framework, a plaintiff first must establish a prima facie case of discrimination; if a prima facie case is established, the burden of production shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged action; and if the defendant proffers such a reason, the burden shift back to the plaintiff to establish that the proffered reason is a mere pretext for discriminatory animus.  *Harris*, 452 F.3d at *717-18.  To establish a prima facie case of discriminatory discharge, Cole  must show that: (1) he belongs to a protected class; (2) he was meeting FCG's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently.  *Fields*, __ F.3d at __; *Shanklin v. Fitzgerald*, 397 F.3d 596, *602 (8th Cir. 2005).

Cole has failed to proffer evidence creating an inference of discrimination.  This is the case, because he has not shown that similarly situated employees outside the protected class were treated differently.  To establish that a similarly-situated employee received more favorable treatment, the evidence must show that the similarly-situated employee dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.  *E.E.O.C. v. Trans-State Airlines*, 462 F.3d at *993; *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, *913 (8th Cir. 2006).

Cole was fired following a robbery because he failed to follow FCG procedure.  He does not know whether any white drivers have been robbed or if white drivers have been fired for violating FCG procedures.   In the absence of this evidence, Cole cannot establish that similarly situated employees outside the protected class were treated differently.   Therefore, there is no evidence creating an inference of discrimination. Furthermore, even if Cole had established a prima facie case of discrimination, FCG offers a legitimate reason for Cole's termination and nothing in the record

indicates that Cole can prove that the reason for his termination is mere pretext for discriminatory animus.

For the reasons stated above, the court finds that there are no genuine issues of material fact and that Defendants are entitled to summary judgment on Cole's wrongful termination claim.

3. Failure to Promote Claim

To establish a prima facie case of racial discrimination in a failure to promote claim, a plaintiff must show: (1) he is a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) he was rejected; and (4) similarly situated employees, not part of the protected group were promoted instead. *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, *937 (8th Cir. 2007); *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, *1007 (8th Cir. 2005). To establish a prima facie failure to promote claim, a plaintiff ordinarily must show he or she applied for the promotion and was rejected or that he or she made every reasonable attempt to convey his or her interest in the job to the employer. *McClure v. Career Sys. Dev. Corp.*, 447 F.3d 1133, *1135 (8th Cir. 2006); *Allen*, 475 F.3d at *937. If a prima facie case is established, the burden of production shifts to the employer, who must rebut the presumption of discrimination with evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. *Allen*, 475 F.3d at *937. A plaintiff may nonetheless prevail by presenting credible evidence the employer's stated reasons are pretextual. *Id*.

Following high school, Cole took two years of business courses at Arkansas Community College. [Cole dep. p. 11] His prior work experience includes working as a janitor and busboy. [Cole depo p. 12] He admits that he never applied for a job in FCG's office. [Cole depo p. 115] Because Cole failed to apply for a position in FCG's office, he cannot maintain his failure to promote/hire

8

claim and Defendants are entitled to summary judgment.

   4. <u>Hostile Work Environment Claim</u>

   A hostile environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1194 (8th Cir. 2006). To establish a prima facie hostile work environment claim, a plaintiff must prove: (1) that he is a member of a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and his membership in the protected group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Anda v. Wickes Furniture Co., Inc.*, 517 F.3d 526, *531-32 (8th Cir. 2008); *Green*, 459 F.3d at *910; *Turner v. Gonzales*, 421 F.3d 688, *695 (8th Cir. 2005). The underlying wrongful conduct must be sufficient to create a hostile environment, both as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim. *Green*, 459 F.3d at *911; *Turner*, 421 F.3d at *695. A working environment dominated by racial slurs constitutes a hostile work environment. *See Green*, 459 F.3d at *911. If the comments are sporadic or casual, they are unlikely to establish a hostile work environment claim. *Id*. Frequency of harassment is a factor, but even infrequent conduct can be severe enough to be actionable. *Id*.

   Cole admits that, while employed at FCG, he never heard anyone make racial remarks. [Cole depo p. 56] He states that he heard from his coworkers that some of the supervisors were calling people "nigger." [Cole dep. p. 60] The court finds that Cole fails to proffer sufficient evidence to

establish the existence of a hostile environment and that there are no genuine issues of material fact in dispute.  Summary Judgment is therefore granted to Defendants on Cole's hostile environment claim.

     5.  <u>Individual Immunity under 42 U.S. C. § 1981</u>

     There are no Eighth Circuit Court of Appeal decisions addressing individual liability on claims under section 1981.  *See Habben v. City of Fort Dodge*, 472 F.Supp.2d 1142, *1155 (N.D. Iowa 2007); *Payne v. Peter Kiewit Sons', Inc.*, No. 8:06CV686 (D. Neb. Apr. 5, 2007) (order).  An individual may be held liable under section 1981, regardless of whether that individual's employer is subject to liability.  *Brooks v. Linn Mar Cmty. Sch. Dist.*, No. C95-0395 (N.D. Iowa July 1, 1997). If individuals are personally involved in the discrimination against a plaintiff, and if they intentionally caused an employer to infringe on a plaintiff's section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable.  *Id.*

     Defendants argue that Defendants Allen and David Cohn cannot be held individually liable under 42 U.S.C. §1981.  Cole states that the only conversations he ever had with Allen Cohn occurred after his truck was robbed. [Cole depo p. 41] He also states that he never saw David Cohn. [Cole depo p. 40] Cole fails to put forth any evidence showing that Allen and David Cohn personally discriminated against him.  In the absence of evidence showing that the Cohns discriminated against him, Cole cannot establish liability against them under section 1981.  Summary Judgment is therefore granted on this claim.

B.    <u>Claims of Kip Rucker</u>

     Allen Cohn hired Kip Rucker to work as a truck driver on February 12, 2002. [undisputed facts ¶ 1; Rucker August 14, 2007 dep. p. 27] Rucker was robbed a total of three times. [contested

facts ¶ 1] After each robbery, he had to repay the inventory shortages. [contested facts ¶ 1] On one occasion, he had to repay $200. [contested facts ¶ 2] In September 2002, after obtaining a job with the prison system, Rucker resigned. [undisputed facts ¶ 2; Rucker August 14, 2007 dep. p. 43] He told his supervisor, Matt, that he would give two weeks notice; however, his supervisor told him to leave when he needed to leave. [Rucker August 14, 2007 dep. p. 43] Rucker now claims that he was racially discriminated against, that FCG engages in racially discriminatory hiring and promotion procedures, and that FCG violated the Arkansas Minimum Wage and Overtime law. [Fourth Amended Complaint Count IV]

1. Race Discrimination Claim

A plaintiff raising claims of race discrimination may survive a motion for summary judgment either by proof of "direct evidence" of discrimination, or by creating the requisite inference of unlawful discrimination through the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817 (1973). *E.E.O.C. v. Trans State Airlines, Inc.*, 462 F.3d 987, *991 (8th Cir. 2006); *see Fields v. Shelter Mut. Ins. Co.*, __ F.3d __, 2008 WL 763017 (8th Cir. 2008); *King v. Hardesty*, 517 F.3d 1049, *1057 (8th Cir. 2008). Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action. *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, *1034 (8th Cir. 2007); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, *933 (8th Cir. 2006). Direct evidence does not include stray remarks in the workplace, statements by non-decision-makers, or statements by decision-makers unrelated to the decisional process itself. *Twymon*, 462 F.3d at *933; *King*, 517 F.3d at *1058.

11

Rucker admits that he never heard anyone make or use a racial slur. [August 14, 2007 depo p. 41] He believes, however, that black drivers were sent to Memphis due to their race. [undisputed facts ¶ 9] He also alleges that when black drivers had shortages, they were either fired or suspended, while white drivers were not suspended. [contested facts ¶ 7]   He admits that other than what he overheard in conversations with the other drivers about where the white drivers were assigned, he has no evidence to support this belief.   Rucker alleges that white drivers were not required to drive routes in the high crime areas of Memphis and that white drivers did not have shortages deducted from their checks. [contested facts ¶ 2]   The court finds that Rucker's present claims are actually pattern and practice claims, which the court previously ruled the plaintiffs could not maintain.   After viewing the evidence in a light most favorable to Rucker, the court finds that he has failed to proffer direct evidence of discrimination.

Because Rucker has failed to proffer direct evidence of discrimination, his claim of racial discrimination will be analyzed under the familiar *McDonnell-Douglas* burden-shifting framework. The *McDonnell-Douglas* burden-shifting framework applies to claims of race discrimination under section 1981. *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, *1196 (8th Cir. 2006); *Harris v. Hays*, 452 F.3d 714, *717 (8th Cir. 2006).   Under this framework, a plaintiff first must establish a prima facie case of discrimination; if a prima facie case is established, the burden of production shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged action; and if the defendant proffers such a reason, the burden shift back to the plaintiff to establish that the proffered reason is a mere pretext for discriminatory animus.   *Harris*, 452 F.3d at *717-18.   To establish a prima facie case of discriminatory discharge, Rucker must show that: (1) he belongs to a protected class; (2) he was meeting FCG's legitimate job expectations; (3) he suffered an adverse

employment action; and (4) similarly situated employees outside the protected class were treated differently. *Fields*, __ F.3d at __; *Shanklin v. Fitzgerald*, 397 F.3d 596, *602 (8th Cir. 2005).

Defendants first asserts that Rucker cannot establish a prima facie case of racial discrimination because he did not suffer an adverse employment action.  An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. *Brannum v. MO Dep't of Corrections*, 518 F.3d 542, *549 (8th Cir. 2008); *Clegg v. Ark. Dep't of Correction*, 496 F.3d 922, *926 (8th Cir. 2007). This might include termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge. *Brannum*, 518 F.3d at *549; *Clegg*, 496 F.3d at *926.

Admittedly, Rucker quit his employment with FCG.  However, two incidents have prompted the court to inquire further into whether Rucker suffered an adverse employment action.  First, Rucker learned during the background check for his job with the federal prison system, that  FCG had listed him as not subject to rehire. [undisputed facts ¶ 12] He says that this could have been costly, however, because this was inconsistent with the other jobs he had held over the past ten years, it did not cost him the position. [Rucker March 19, 2008 dep. p. 27] Because this incident did not affect Rucker's employment prospects with the federal prison system, the court finds that this was not an adverse employment action.

Second, prior to quitting, Rucker complained to Allen Cohn about having to drive to Memphis and Allen told him he would either drive to Memphis or be terminated. [contested facts ¶ 4] Rucker states that he decided to quit because he wanted to work in a safer environment. [August 14, 2007 dep. p. 91] This incident requires an inquiry into whether Rucker suffered a constructive discharge. A constructive discharge occurs when an employer deliberately renders the employee's

working conditions intolerable, thereby forcing the employee to quit. *Brenneman v. Famous Dave's of Am., Inc.*, 507 F.3d 1139, *1144 (8th Cir. 2007); *Devin v. Schwan's Home Serv., Inc.*, 491 F.3d 778, *789 (8th Cir. 2007); *Davis v. KARK-TV, Inc.*, 421 F.3d 699, *706 (8th Cir. 2005). To prove constructive discharge, a plaintiff must demonstrate that: (1) a reasonable person in the plaintiff's situation would find the working conditions intolerable and (2) the employer intended to force the plaintiff to quit. *Brenneman*, 507 F.3d at *1144; *Devin*, 491 F.3d at *789. If the plaintiff cannot show that the employer intended to force the plaintiff to quit, the plaintiff can still prevail if the employer could have reasonably foreseen that the employee would quit as a result of its action. *Brenneman*, 507 F.3d at *1144. To be reasonable, an employee must give the employer a reasonable opportunity to correct the problem. *Campos v. City of Blue Springs, MO*, 289 F.3d 546, *550-51 (8th Cir. 2002). In other words, a plaintiff must take affirmative steps short of resigning that a reasonable employee would take to make the conditions of employment more tolerable. *Id*.

The court finds that FCG could have foreseen that Rucker would quit. The court also finds that Rucker took steps to make the conditions of his employment more tolerable. Rucker, therefore, suffered an adverse employment action.

Defendants also allege that Rucker fails to establish a prima facie case of discrimination because he fails to meet his burden of showing that similarly situated employees outside the protected class were treated differently. To establish that a similarly-situated employee received more favorable treatment, the evidence must show that the similarly-situated employee dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances. *E.E.O.C. v. Trans-State Airlines*, 462 F.3d at *993; *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, *913 (8th Cir. 2006).

Rucker alleges that the following white drivers refused to drive the Memphis routes: Stan Holland, George Wendell, Donald Sparks and Danny Wilson. [Rucker affidavit ¶ 5] He states that they did not suffer any type of adverse action. [Rucker affidavit ¶ 5]  To create a triable issue for trial, he must produce sufficient evidence to support a verdict in his favor based on more than speculation, conjecture, or fantasy. *Doe v. Dep't of Veterans Affairs of U.S.*, 519 F.3d 456, *460 (8th Cir. 2008).  Although this is Rucker's testimony, FCG's route sheets show that at least one of the drivers mentioned by Rucker drove a Memphis route.  The court is concerned that there is no basis for Rucker's belief that white drivers did not drive to Memphis.  The court, however, finds that this issue is material and the facts are in dispute.  Therefore, summary judgment is denied on this issue.

2. <u>Failure to Promote Claim</u>

To establish a prima facie case of racial discrimination in a failure to promote claim, a plaintiff must show: (1) he is a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) he was rejected; and (4) similarly situated employees, not part of the protected group were promoted instead. *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, *937 (8th Cir. 2007); *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, *1007 (8th Cir. 2005).  To establish a prima facie failure to promote claim, a plaintiff ordinarily must show he or she applied for the promotion and was rejected or that he or she made every reasonable attempt to convey his or her interest in the job to the employer. *McClure v. Career Sys. Dev. Corp.*, 447 F.3d 1133, *1135 (8th Cir. 2006); *Allen*, 475 F.3d at *937.  If a prima facie case is established, the burden of production shifts to the employer, who must rebut the presumption of discrimination with evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. *Allen*, 475 F.3d at *937.  A plaintiff may nonetheless prevail by presenting credible evidence the

employer's stated reasons are pretextual.  *Id*.

Rucker fails to establish a prima facie case of failure to promote.  Rucker admits that he did not apply for a job in FCG's office. [Rucker August 14, 2007 depo p. 73] He, therefore, cannot maintain a claim of failure to promote and Defendants are entitled to summary judgment.

3.  Arkansas Labor Law

Rucker alleges that FCG violated Arkansas minimum wage and overtime law.  Defendants point out that Rucker fails to provide evidence to support this claim.  Defendants are correct, Rucker fails to offer specific facts opposing the motion for summary judgment on this issue.  Therefore, the Defendants are entitled to summary judgment on this claim as a matter of law.

4.  Individual Immunity under 42 U.S. C. § 1981

There are no Eighth Circuit Court of Appeal decisions addressing individual liability on claims under section 1981.  *See Habben v. City of Fort Dodge*, 472 F.Supp.2d 1142, *1155 (N.D. Iowa 2007); *Payne v. Peter Kiewit Sons', Inc.*, No. 8:06CV686 (D. Neb. Apr. 5, 2007) (order).  An individual may be held liable under section 1981, regardless of whether that individual's employer is subject to liability.  *Brooks v. Linn Mar Cmty. Sch. Dist.*, No. C95-0395 (N.D. Iowa July 1, 1997). If individuals are personally involved in the discrimination against a plaintiff, and if they intentionally caused an employer to infringe on a plaintiff's section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable.  *Id*.

Defendants argue that Defendants Allen and David Cohn cannot be held individually liable under 42 U.S.C. §1981.  Rucker believes that Allen Cohn discriminated against him; however, he admits that he has no evidence to support his claim. [Rucker August 14, 2007 depo p. 39] He states that during his conversations with Allen following the robbery of his truck, Allen made it seem as

if the robberies were his fault. [Rucker August 14, 2007 dep. p. 36] As to David Cohn, Rucker admits that he never saw David Cohn. [Rucker August 14, 2007 dep. p. 36]

After viewing the evidence in a light most favorable to Rucker, the court finds that he fails to demonstrate that Allen and David Cohn discriminated against him and that they should be held individually liable under section 1981.  Accordingly, there are no genuine issues of material fact in dispute and summary judgment is granted to Defendants on this issue.

C.    Claims of Will Green

Will Green first started at FCG as a helper in the early 1990's. [undisputed facts ¶ 1] He left FCG to obtain his commercial driver's license and returned to FCG as a truck driver. [undisputed facts ¶ 1] He quit when he obtained a job with a motor carrier. [undisputed facts ¶ 1] Green was rehired in 1997 and worked two years before quitting again. [undisputed facts ¶ 2] He returned to FCG again in 2000 and worked until 2003, when he quit again. [undisputed facts ¶ 3] Green was rehired on June 29, 2006, and continues to work as a driver for FCG. [undisputed facts ¶ 4; Green affidavit ¶ 7] He now claims  failure to hire or promote, that FCG discriminated against him, that FCG engages in racially discriminatory patterns and practices, and that FCG violated the Arkansas Minimum Wage and Overtime law. [Fourth Amended Complaint Count VIII]

1.    Discrimination Claims

a.  Shortages from the 1990's

Green states that shortages are no longer taken out of his paycheck. [undisputed facts ¶ 12] However, back when he was employed with FCG in the 1990's, a shortage was taken out of his paycheck until the shortage was resolved. [undisputed facts ¶ 15] He currently takes issue with having to repay the shortage.  The statute of limitations for claims involving the termination of

contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship is four years. *Jackson v. Homechoice, Inc.*, 368 F.3d 997, *999 (8th Cir. 2004). Accordingly, Green's claim as to the shortage from the 1990's is barred. Furthermore, Green admits that white drivers also had shortages taken out of their paychecks. [undisputed facts ¶ 13] Summary judgment is therefore granted on this claim.

### b.  Present Discrimination

A plaintiff raising claims of race discrimination may survive a motion for summary judgment either by proof of "direct evidence" of discrimination, or by creating the requisite inference of unlawful discrimination through the burden-shifting framework described in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817 (1973). *E.E.O.C. v. Trans State Airlines, Inc.*, 462 F.3d 987, *991 (8th Cir. 2006); *see Fields v. Shelter Mut. Ins. Co.*, __ F.3d __, 2008 WL 763017 (8th Cir. 2008); *King v. Hardesty*, 517 F.3d 1049, *1057 (8th Cir. 2008).  Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action. *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, *1034 (8th Cir. 2007); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, *933 (8th Cir. 2006). Direct evidence does not include stray remarks in the workplace, statements by non-decision-makers, or statements by decision-makers unrelated to the decisional process itself. *Twymon*, 462 F.3d at *933; *King*, 517 F.3d at *1058.

Green has proffered no direct evidence of discrimination, so his claim is analyzed under the familiar burden-shifting framework of *McDonnell-Douglas*.  The *McDonnell-Douglas* burden-shifting framework applies to claims of race discrimination under section 1981. *Gordon v. Shafer*

*Contracting Co., Inc.*, 469 F.3d 1191, *1196 (8th Cir. 2006); *Harris v. Hays*, 452 F.3d 714, *717 (8th Cir. 2006).   Under this framework, a plaintiff first must establish a prima facie case of discrimination; if a prima facie case is established, the burden of production shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged action; and if the defendant proffers such a reason, the burden shift back to the plaintiff to establish that the proffered reason is a mere pretext for discriminatory animus.  *Harris*, 452 F.3d at *717-18.  To establish a prima facie case of discriminatory discharge, Green must show that: (1) he belongs to a protected class; (2) he was meeting FCG's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently.  *Fields*, __ F.3d at __; *Shanklin v. Fitzgerald*, 397 F.3d 596, *602 (8th Cir. 2005).

Green cannot establish a prima facie case of discrimination.  He has failed to meet his burden of showing that he suffered some type of adverse employment action.   An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage.  *Brannum v. MO Dep't of Corrections*, 518 F.3d 542, *549 (8th Cir. 2008); *Clegg v. Ark. Dep't of Correction*, 496 F.3d 922, *926 (8th Cir. 2007). This might include termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge. *Brannum*, 518 F.3d at *549; *Clegg*, 496 F.3d at *926.  Minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities do not rise to the level of an adverse employment action.  *Brannum*, 518 F.3d at *549; *Clegg*, 496 F.3d at *926.

Green continues to work for FCG and has proffered no evidence showing that he suffered a tangible change in his working conditions that produced a material employment disadvantage.

19

Therefore, the court finds that Green has not suffered an adverse employment action and therefore cannot establish a prima facie case of discrimination.        Summary judgment is granted on this claim.

2. Failure to Promote Claim

To establish a prima facie case of racial discrimination in a failure to promote claim, a plaintiff must show: (1) he is a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) he was rejected; and (4) similarly situated employees, not part of the protected group were promoted instead. *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, *937 (8th Cir. 2007); *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, *1007 (8th Cir. 2005).  To establish a prima facie failure to promote claim, a plaintiff ordinarily must show he or she applied for the promotion and was rejected or that he or she made every reasonable attempt to convey his or her interest in the job to the employer. *McClure v. Career Sys. Dev. Corp.*, 447 F.3d 1133, *1135 (8th Cir. 2006); *Allen*, 475 F.3d at *937.  If a prima facie case is established, the burden of production shifts to the employer, who must rebut the presumption of discrimination with evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. *Allen*, 475 F.3d at *937.  A plaintiff may nonetheless prevail by presenting credible evidence the employer's stated reasons are pretextual. *Id*.

Green has offered no evidence establishing that he qualified for and applied for a position in FCG's office.  He, therefore, cannot maintain his failure to promote claim and summary judgment is granted to Defendants on this claim.

3. Arkansas Labor Law

Green alleges that FCG violated Arkansas minimum wage and overtime law.  Defendants

point out that Green has provided no evidence to support this claim.  The court finds that Green has failed to offer specific facts opposing the motion for summary judgment on this issue.  Therefore, summary judgment is granted to Defendants.

4.  <u>Individual Immunity under 42 U.S.C. § 1981</u>

There are no Eighth Circuit Court of Appeal decisions addressing individual liability on claims under section 1981.  *See Habben v. City of Fort Dodge*, 472 F.Supp.2d 1142, *1155 (N.D. Iowa 2007); *Payne v. Peter Kiewit Sons', Inc.*, No. 8:06CV686 (D. Neb. Apr. 5, 2007) (order).  An individual may be held liable under section 1981, regardless of whether that individual's employer is subject to liability.  *Brooks v. Linn Mar Cmty. Sch. Dist.*, No. C95-0395 (N.D. Iowa July 1, 1997). If individuals are personally involved in the discrimination against a plaintiff, and if they intentionally caused an employer to infringe on a plaintiff's section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable.  *Id.*

Defendants argue that Defendants Allen and David Cohn cannot be held individually liable under 42 U.S.C. §1981. Green states that he has never had a conversation with David Cohn. [Green depo p. 61] He has, however, had several conversations with Allen Cohn. [Green depo p. 61] He describes Allen as being fair. [Green depo p. 62]

After viewing the evidence in a light most favorable to Green, the court finds that he has failed to demonstrate that Allen and David Cohn discriminated against him and that they should be held individually liable under section 1981.  There are no genuine issues of material fact in dispute on this issue and summary judgment is granted to Defendants.

*IV.  CONCLUSION*

After viewing the evidence in a light most favorable to plaintiffs Cole, Rucker, and Green,

the court finds that there are genuine issues of material fact in dispute on Rucker's claim of race discrimination and therefore summary judgment is denied as to that claim.   The court further finds that there are no genuine issues of material fact in dispute as to the remaining issues addressed in this order and that Defendants are entitled to a judgment as a matter of law.   Therefore, summary judgment is granted to Defendants on all of the claims of Cole and Green and on all of the claims of Rucker, except for Rucker's race discrimination claim.

IT IS SO ORDERED this 23rd day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE